HOOSAC TUNNEL DOCK AND ELEVATOR COMPANY *vs.* JAMES W. O'BRIEN & another.

Suffolk.    March 13. — July 3, 1884.    DEVENS, W. ALLEN, & COLBURN, JJ., absent.

An arbitrator, appointed under a rule of court, is not liable to an action by one party to the action referred to arbitration, for fraudulently inducing, in pursuance of a conspiracy with the attorney of the other party to the action so referred, the other arbitrators to unite with him in an unjust award in favor of the latter party.

An attorney of one party to an action referred, under a rule of court, to arbitration, is liable to an action by the other party for conspiring with one of the arbitrators to obtain an unjust award in favor of his client, which is obtained, and upon which judgment is entered, although such judgment remains unreversed.

TORT against James W. O'Brien and Rufus W. Sprague. The declaration alleged that the plaintiff was a corporation duly established by the laws of this Commonwealth, and doing business in the city of Boston; that it owned and used in its business certain wharves, and the buildings and machinery thereon; that on or about November 4, 1882, one Thomas Hogan received an injury at or near one of its wharves, in consequence of the negligence of some of the plaintiff's servants, for which Hogan instituted an action against the plaintiff, in which the defendant O'Brien appeared as his counsel, on December 13, 1882, returnable at January term 1883 of the Superior Court; that, immediately upon being notified of the accident, the plaintiff employed the defendant Sprague as a physician to take care of and restore Hogan to health, and to cure such injuries as he had received; that Sprague reported to this plaintiff that Hogan was doing well and would ultimately

recover; that the defendants Sprague and O'Brien, then and there combining, confederating, and conspiring for their own lucre, benefit, and gain to injure and defraud the plaintiff, and so to arrange matters that the plaintiff could be compelled to pay a much larger sum to Hogan for said injuries than he was honestly entitled to recover therefor, fraudulently persuaded and induced Hogan to pretend that he was much more severely injured than in truth he was, and to simulate injuries and sufferings which in truth he had not sustained, and to refuse to receive good and suitable nursing and food, which the plaintiff offered freely to supply him with, all of which was done by said conspirators and Hogan in order to prevent his rapid recovery, and to enable him to procure unjust damages, all of which Hogan, acting under the advice of said conspirators, did; that subsequently said case was, by order of court and consent of parties, referred, under a rule of court, to said Sprague and two others, the decree of a majority of whom was to be final; that after the appointment of said referees, Sprague continued, at the request and charge of the plaintiff, to attend and act as the physician of Hogan up to the time of the hearing hereinafter mentioned, during which time, in pursuance of said conspiracy, said conspirators continued fraudulently to induce and advise Hogan to persist in his simulation of injuries and his refusal of suitable nourishment and nursing, which the plaintiff freely offered him and solicited him to receive; that the referees met and heard said parties at a session held by them in Boston, at which time the only evidence produced was on the part of the plaintiff in the present action, and which tended to show only that Hogan was not seriously injured, and that he would in a short time be as well as ever; that Sprague, in pursuance of said conspiracy, and well knowing that Hogan was not seriously injured, and for the sake of serving his own purposes and those of O'Brien, and confederating with him, and in pursuance of said conspiracy, fraudulently induced and persuaded said referees to unite in an award against the plaintiff of $3600, on the ground that Hogan was permanently injured, which was not true, and was well known by Sprague and O'Brien not to be true, and was much larger than Hogan was entitled to by reason of said carelessness, as said conspirators well knew, the amount

of which award was subsequently paid to O'Brien as attorney for Hogan, together with the cost of reference and expenses, and out of which sum of $3600 O'Brien and Sprague retained to themselves $1600 ; and that a cause of action had accrued to the plaintiff to recover of the defendants the money wrongfully paid by reason of the fraudulent acts of the defendants, and by reason of their confederating and conspiring together to defraud the plaintiff.

The defendants severally demurred to the declaration, on the ground that it did not set forth a legal cause of action.

The Superior Court sustained the demurrers, and ordered judgment for the defendants; and the plaintiff appealed to this court.

*J. L. Thorndike,* (*W. E. Welch* with him,) for the plaintiff.

*C. F. Donnelly,* for the defendants.

MORTON, C. J.   The principle is too well settled to require discussion, that every judge, whether of a higher or a lower court, is exempt from liability to an action for any judgment given by him in the due course of the administration of justice. This immunity is founded upon considerations of public policy, and, as stated by Chief Justice Kent, in *Yates* v. *Lansing,* 5 Johns. 282, and 9 Johns. 395, "has a deep root in the common law." It is of the highest importance that judges and others engaged in the administration of justice should be independent, and should act upon their own free and unbiased convictions, uninfluenced by any apprehension of consequences. The reasons for the principle are more fully stated in the opinion of Chief Justice Shaw in the case of *Pratt* v. *Gardner,* 2 Cush. 63, to which we refer.   See also *Bradley* v. *Fisher,* 13 Wall. 335.   A similar immunity extends to jurors.   The question whether a like immunity extends to arbitrators seems never to have arisen in this Commonwealth.

An arbitrator is a quasi judicial officer, under our laws, exercising judicial functions.   There is as much reason in his case for protecting and insuring his impartiality, independence, and freedom from undue influences, as in the case of a judge or juror.   The same considerations of public policy apply, and we are of opinion that the same immunity extends to him. *Jones* v. *Brown,* 54 Iowa, 74.   It follows that this suit cannot

be maintained against the defendant Sprague, and his demurrer must be sustained.

The demurrer of the defendant O'Brien presents a different question. The immunity from actions extended to Sprague on grounds of public policy does not protect O'Brien. If a lawyer who brings a suit procures an unjust judgment against his adversary, by suborning witnesses, by bribing the judge, jury, or arbitrators, or by other corrupt and illegal practices, we know of no legal reason why he should not be responsible for his illegal acts to the party injured. He is not exonerated because, for reasons which do not apply to him, a joint tortfeasor cannot be reached. *Rice* v. *Coolidge*, 121 Mass. 393.

The defendant contends that the judgment founded on the award cannot be impeached; and that it is conclusive on the plaintiff, and, while unreversed, prevents him from maintaining this action. This argument is founded upon a misapprehension of the effect of the former judgment. It is true, as a rule, that an unreversed judgment is conclusive between the parties and their privies; and the principle goes so far that one cannot sustain an action against another for obtaining a judgment against him by means of conspiracy and fraud, if he had an opportunity to be heard at the trial of the cause in which the judgment was obtained. This would be to re-try the merits of the former suit in an action between the same parties. *Rice* v. *Coolidge*, *ubi supra.* But the parties in this suit are not the same as in the former suit. The plaintiff in this suit does not impeach the former judgment; on the contrary, the plaintiff relies upon it, and the fact that it is conclusive as between it and Hogan, as the foundation of its claim against the defendant O'Brien. The plaintiff may have to try in this suit one of the issues involved in the former suit, namely, the extent to which Hogan was injured, but this furnishes no reason against maintaining this suit. The case before us is like that of a man who, having employed an attorney at law to defend a suit, afterwards sues him for negligently or corruptly permitting an unjust judgment to be entered against him. There is no doubt that such a suit may be maintained, though it may involve the trial of the merits of the former suit. *Godefroy* v. *Jay*, 7 Bing. 413. Pub. Sts. *c.* 159, § 39. The declaration in the case at bar in

substance charges O'Brien with fraudulently and corruptly con-spiring with Sprague, one of the arbitrators, and by fraudulent means inducing him and the other arbitrators to award, in favor of Hogan against the plaintiff, a much larger sum than he was entitled to receive. We are of opinion that, for such fraudulent and corrupt acts, O'Brien is liable to an action.

It is but fair to say that, though we consider the facts stated in the declaration as true for the purposes of a hearing upon the demurrer, yet they have not been proved, and no evidence has been given in support of them.

*Demurrer of Sprague sustained.*
*Demurrer of O'Brien overruled.*