Mac J. CAHN and Sidney L. Schiro d/b/a Fashionality Blouses, Appellants,

v.

INTERNATIONAL LADIES' GARMENT UNION, Philadelphia Dress Joint Board of the International Ladies' Garment Workers' Union, Fashion Apparel Manufacturers of Philadelphia, William Ross and G. Allan Dash, Jr., Appellees.

No. 14020.

United States Court of Appeals Third Circuit.

Argued Sept. 20, 1962.

Decided Oct. 1, 1962.

As Amended Oct. 25 and Nov. 15, 1962.

114

George A. D'Angelo, Philadelphia, Pa. (Geoffrey J. Cunniff, Philadelphia, Pa., on the brief), for Mac J. Cahn and Sidney L. Schiro, d/b/a Fashionality Blouses, appellants.

Berthold W. Levy, Philadelphia, Pa. (Sterling, Magaziner, Stern & Levy, Philadelphia, Pa., on the brief), for G. Allan Dash, Jr., appellee.

Before McLAUGHLIN, KALODNER and GANEY, Circuit Judges.

PER CURIAM.

Appellee was the validly appointed chairman of an arbitration between employer, Sidele Fashions, Inc., and the defendant, Joint Board of the International Ladies' Garment Workers' Union, concerning a dispute arising out of the contract between them. Plaintiffs-appellants were the principal stockholders and owners of Sidele Fashions, Inc. Sidele challenged the jurisdiction of the arbitrator and the union sued to compel arbitration. There was judgment for the union on the pleadings. The dispute was decided by the arbitrator and the union sued to confirm the award. The latter action is pending.

Plaintiffs then brought the present action. In it they assert that the defendants have engaged in an unlawful combination to restrain trade and create a monopoly among themselves in the manufacture, sale and distribution of ladies apparel in violation of the Sherman Act. Details of the alleged combination and conspiracy are stated including the following:

"(h) Harass, unlawfully and improperly, manufacturers of Woman's apparel in the Philadelphia area who were not members of the Association with the purpose of compelling said manufacturers to become and remain members of the Association.

"(i) Use the office of Impartial Chairman, filled since on or about February, 1959, by defendant G. Allan Dash, Jr., as an instrument of force and coercion to compel Plaintiffs and other Association members unlawfully to adhere to and maintain contract provisions, customs and practices which were and are violations of the Statute Laws of the United States particularly the Sherman Anti-Trust Act and other Federal Statutes relating to monopolistic practices, thereby aiding, abetting and accomplishing the conspiracy alleged herein.

"(j) Procure and arrange for the Impartial Chairman to inflict heavy fines and penalties on Plaintiffs and others in order to prevent Plaintiffs and others from operating freely and economically in the market place."

The district court sustained appellee's motion to dismiss the above quoted paragraphs from the complaint and plaintiffs appeal.

We agree with the district court that the allegations of the said paragraphs are based upon the conduct of the appellee in his capacity as arbitrator; that in so functioning he was performing quasi-judicial duties and was " * * * clothed with an immunity, analogous to

judicial immunity, against actions brought by either of the parties arising out of his performance of his * * * duties." Cooper v. O'Connor, 69 App. D.C. 100, 99 F.2d 135, 141 (D.C.Cir. 1938); Hohensee v. Goon Squad, 171 F. Supp. 562, 568, 569 (M.D.Pa. 1959); Hoosac Tunnel Dock & Elevator Co. v. O'Brien, 137 Mass. 424, 426 (1884); Craviolini v. Scholer & Fuller Associated Architects, 89 Ariz. 24, 357 P.2d 611, 613 (1960).

The judgment of the district court will be affirmed.