**Robert HILL, Plaintiff,**

v.

**The ARO CORPORATION, The International Association of Machinists, Lodge 1349 and Peter DiLeone, Defendants.**

No. C 66–202.

United States District Court
N. D. Ohio, W. D.

Feb. 6, 1967.

Howard E. Petersen, LaGrange, Ind., Edgar A. Grimm, Kendallville, Ind., for plaintiff.

Shumaker, Loop & Kendrick, Toledo, Ohio, for Aro Corporation.

Donald Fisher, Toledo, Ohio, for the Union.

Peter DiLeone, pro se.

## OPINION

DON J. YOUNG, District Judge.

Plaintiff was discharged from employment by defendant Aro Corporation on March 8, 1965. A grievance was thereafter filed on his behalf by the defendant union. Subsequently, the defendant arbitrator was selected by the company and union from a list of nine candidates submitted by the Federal Mediation and Conciliation Service and on September 21, 1965 an award was entered affirming the company's action. This suit followed. Jurisdiction is purportedly found in the National Labor Relations Act, 29 U.S.C. § 185 (1964), the Labor Management Reporting & Disclosure Act, 29 U.S.C. § 412 (1964), and diversity of citizenship, 28 U.S.C. § 1332 (1964).

The complaint charges the arbitrator with various acts alleged to be inconsistent with the duties of an arbitrator. Many of the charges are petty and none need be dignified by repetition here. All are based upon the conduct of the defendant in his capacity as an arbitrator. The defendant arbitrator now moves pursuant to Rule 12(b) (6) for dismissal in that the complaint fails to state a claim upon which relief may be granted. The arbitrator contends he is immune from civil liability for all acts done in his arbitral capacity. The Court agrees.

The history of litigation aimed at arbitrators is easily reviewed, for there are few reported cases. In 1836 an English writer succinctly summed up the English experience at that point:

> "It has been said that an arbitrator is liable to an action, if he misconduct himself; but I cannot find any case in which such an action has ever been brought." [1]

Since then a few such actions have been brought, but none have so far been successful.

In Jones v. Brown, 54 Iowa 74, 6 N.W. 140 (1880), an arbitrator who attempted to collect a modest fee of $240 for 24 days of labor was confronted with a counterclaim which charged him and his fellow arbitrators with corruption and fraud. The Iowa Supreme Court, noting that arbitrators "are in a certain sense a court," held that arbitrators are clothed with the same immunity as the judiciary. A few years later, in Hoosac Tunnel Dock and Elevator Co. v. O'Brien, 137 Mass. 424, 50 Am.Rep. 323 (1884), the Massachusetts Supreme Court came to the same conclusion. An arbitrator was alleged to have conspired with a tort claimant's attorney and to have "fraudulently induced and persuaded" his two fellow members of a court-appointed panel to "unite in an award against plaintiff." The Court's reasoning in sustaining a demurrer to the complaint has often been quoted:

> "An arbitrator is a quasi judicial officer, under our laws, exercising judicial functions. There is as much reason in his case for protecting and insuring his impartiality, independence, and freedom from undue influences, as in the case of a judge or juror. The same considerations of public policy apply, and we are of opinion that the same immunity extends to him." Id. at 426, 50 Am.Rep. at 324.

Other cases may be found involving parties whose functions the courts have characterized as quasi-arbitral. In Hutchins v. Merrill, 109 Me. 313, 84 A. 412, 42 L.R.A.,N.S., 277 (1912), a surveyor, whose appraisal of plaintiffs' timber was binding on the parties to a service contract, was charged with negligence in scaling the logs. In Melady v. South St. Paul Live Stock Exchange, 142 Minn. 194, 171 N.W. 806 (1919), the board of directors of an exchange empowered by statute to arbitrate matters concerning its membership, was charged with "wanton, malicious, and willful" action in finding a member guilty of "uncommercial conduct." In both cases the rule of immunity applied. Architects, when acting pursuant to an agreement between owner and contractor, are also protected

---

1. Watson, A Treatise on the Law of Arbitration and Awards, in 11 Law Library 36, 37 (1836).

from suits, although their immunity in many jurisdictions does not extend to charges of fraud. Lundgren v. Freeman, 307 F.2d 104, 118 (9th Cir. 1962).

Apparently, the first reported case involving a labor arbitrator is a decision by a judge of the New York Supreme Court. Babylon Milk & Cream Co. v. Horvitz, 151 N.Y.S.2d 221 (Sup.Ct.1956), aff'd, 4 A.D.2d 777, 165 N.Y.S.2d 717 (1957). An employer, unhappy with an arbitrator's award and alleging "collusion among the defendants," sued various union officials and an arbitrator. Noting that the question was one of first impression in New York, the court dismissed the cause against the arbitrator. The opinion contains the following significant language:

> "Arbitrators exercise judicial functions and while not eo nomine judges they are judicial officers and bound by the same rules as govern those officers. Matter of Friedman, 215 App. Div. 130, 213 N.Y.S. 369; Matter of American Eagle Fire Ins. Co. v. New Jersey Ins. Co., 240 N.Y. 398, 148 N.E. 562. Considerations of public policy are the reasons for the rule and like other judicial officers, arbitrators must be free from the fear of reprisals by an unsuccessful litigant. They must of necessity be uninfluenced by any fear of consequences for their acts." Id. at 224.

Cahn v. International Ladies' Garment Union, 203 F.Supp. 191 (E.D.Pa.1962) is the only other reported case involving a labor arbitrator. Charges of conspiracy were again leveled against an arbitrator and other defendants and the court again invoked the immunity rule in favor of the arbitrator. The Court of Appeals for the Third Circuit affirmed. 311 F.2d 113 (1962).

 Plaintiff attempts to counter this persuasive, albeit not voluminous, case law authority with a strange mixture of theories: the arbitrator's actions are said to be in excess of his jurisdiction; plaintiff claims to be a third-party beneficiary of the arbitrator's implied contract with the Federal Mediation & Conciliation Service requiring the arbitrator to comply with its regulations; the fact that neither Congress nor the Ohio legislature have granted immunity to arbitrators is supposed to have some weight with this Court; the Ohio and federal constitutions and the federal civil rights act are alleged to have been violated; and finally, if the common law grants defendant immunity, then it is time for a change. The problem with all of these theories is that they require a result directly contrary to and inconsistent with the very thrust of modern labor jurisprudence. Although there may exist some disagreement among the states, there is not the slightest doubt about the all-important role of the labor arbitrator in the developing federal common law of labor relations. "Under federal law it is now a clearly established national policy to encourage the use of arbitration." Rhine v. Union Carbide Corp., 343 F.2d 12, 16 (6th Cir. 1965). "The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. * * * the arbitrators under these collective agreements are indispensable agencies in a continuous collective bargaining process." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). If national policy encourages arbitration and if arbitrators are indispensable agencies in the furtherance of that policy, then it follows that the common law rule protecting arbitrators from suit ought not only to be affirmed, but, if need be, expanded. The immunity rule was sound when announced by two state supreme courts over eighty years ago; it is still sound today.[2]

Defendant's dismissal motion will be sustained.

---

2. Insofar as the court's jurisdiction is based on diversity of citizenship, no authority has been shown which would indicate that an Ohio court would rule otherwise.