**H & M CAKE BOX, INC., Plaintiff, Appellant,**

v.

**BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UNION OF AMERICA, LOCAL NO. 45, Defendant, Appellee.**

**No. 74-1004.**

United States Court of Appeals, First Circuit.

Argued March 7, 1974.

Decided March 20, 1974.

Frederick T. Golder, Boston, Mass., for appellant.

Warren H. Pyle, Boston, Mass., with whom Angoff, Goldman, Manning, Pyle & Wanger, Boston, Mass., was on brief, for appellee.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

After we remanded this case to the district court, 454 F.2d 716 (1st Cir. 1972), another judge, relying on intervening decisions of the Supreme Court and this circuit, granted summary judgment for the defendant union. The district court held that both the employer's claim for damages for alleged violation of the no strike clause and its contention that the union had repudiated the collective bargaining agreement, or its arbitration provision, were issues for the arbitrator to decide. The court therefore dismissed the action brought by the company for damages for the union's al-

leged violation of the agreement's no strike pledge. We affirm.

■ The collective bargaining agreement in question calls broadly for "amicable settlement by arbitration of grievances and disputes arising under it." Arbitration procedures are provided "[i]n the event a dispute or grievance arises as to the meaning, application or enforcement of this agreement. . . ." Employer's claim for damages would rather plainly fall within this "broad" clause. Similarly, and under the very rationale we adopted in General Dynamics Corp. v. Local 5, Marine & Shipbuilding Workers, 469 F.2d 848, 853–854 (1st Cir. 1972), the question of what conduct constitutes repudiation of the contract or its arbitration provision would be a "dispute or grievance . . . as to the meaning, application or enforcement . . . ." Cf. Operating Engineers, Local 150 v. Flair Builders, Inc., 406 U.S. 487, 491–492, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972).

■ Thus, following *Flair* and *General Dynamics*, both decided after our earlier decision herein, the district court properly concluded that the employer could not pursue its damages action in court, at least before a determination by the arbitrator of non-arbitrability or of repudiation. If plaintiff wishes to pursue the argument that breach of the no strike clause excuses compliance with the arbitration clause, he must address it to the arbitrator. *Cf.* Gateway Coal Co. v. United Mine Workers, 414 U.S. 368, 387, 94 S.Ct. 629, 639, 38 L.Ed.2d 583 (1974).

Appellant fears that should he now seek arbitration, the union will raise the defense of laches. It is doubtless true that appellant could not have predicted the legal fluctuations which resulted in our two disparate opinions and which may have prolonged these proceedings and tipped the outcome to appellant's disadvantage. Presumably such circumstances tending to justify his initial preference for court proceedings in lieu of arbitration may be presented to the arbitrator in mitigation should laches be raised.

Affirmed.