Abdallah W. TAMARI et al.,
Plaintiffs-Appellants,

v.

William P. CONRAD, Jr., et al.,
Defendants-Appellees,

and

Bache Halsey Stuart, Inc. (formerly Bache
& Co. Incorporated),
Intervenor-Appellee.

No. 77–1003.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 25, 1977.

Decided April 12, 1977.

---

Robert P. Howington, Jr., Donald C. Shine, Chicago, Ill., for plaintiffs-appellants.

N. A. Giambalvo, Gary M. Elden, Chicago, Ill., for defendants-appellees.

Before SWYGERT and WOOD, Circuit Judges, and CHRISTENSEN, Senior District Judge.[1]

SWYGERT, Circuit Judge.

In this case plaintiffs are suing the eight members of the panel of arbitrators who were assigned the task of resolving a dispute between plaintiffs and Bache Halsey Stuart, Inc. Plaintiffs challenge the selection and composition of the panel of arbitrators. We hold that the district court correctly dismissed the action because arbitrators are immune from suit with respect to questions involving their authority to resolve a dispute.

I.

Plaintiffs Abdallah W. Tamari, Ludwig W. Tamari, Farah W. Tamari, and Wahbe Tamari & Sons, Co. (hereinafter "Tamari") are a Lebanese partnership and its partners. This case is the third of four lawsuits that Tamari has instituted in an effort to obtain relief for alleged fraud in violation of the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.*, by Bache Halsey Stuart, Inc. (hereinafter "Bache"). On May 20, 1972 Tamari opened the first of two accounts with Bache for the purpose of trading in commodity futures. A dispute arose between the parties by the end of 1973. Bache contended that Tamari owed approximately $376,000 in debt on the accounts that it had opened. Tamari claimed that it had suffered damages of $2,150,000 because of false representations and misstatements by Bache in connection with the opening and management of the accounts.

In early 1974 the parties began preparation for the arbitration of their dispute by a panel of arbitrators chosen by the Chicago Board of Trade, in accordance with the agreement they had reached when the accounts were opened. Toward the end of 1975, Tamari decided that it wanted the dispute to be resolved by a court instead of by a panel of arbitrators. It filed an action against Bache in the district court for the Northern District of Illinois on December 10, 1975, seeking damages for fraud under the Commodity Exchange Act. It also filed a second action in that court on January 6, 1976 against Bache and the Chicago Board of Trade, seeking to halt the arbitration proceedings. On May 19, 1976 the district court ruled in favor of defendants in both cases, holding that there was an agreement to arbitrate between the parties that was enforceable under the Federal Arbitration Act, 9 U.S.C. §§ 3–4, and that Tamari had to proceed with the arbitration. Tamari appealed the district court's decision to this court. We dismissed the appeal from the

---

1. The Honorable A. Sherman Christensen, United States Senior District Judge for the District of Utah, is sitting by designation.

first case, without prejudice to any further appeal from an appealable order in that case, on September 23, 1976. *Tamari v. Bache & Co. (Lebanon) S.A.L.*, No. 76–1729 (7th Cir., Sept. 23, 1976). The appeal in the second case is currently pending.

Tamari filed its third action, which is the subject of the present appeal, on June 6, 1976 against the eight arbitrators named by the Chicago Board of Trade who were in the process of resolving the dispute between Tamari and Bache. Tamari contended that the selection and composition of the arbitration panel violated the terms of the agreement to arbitrate as well as the rules of the Chicago Board of Trade. It asked the court to declare that the panel was illegally constituted and any award made by it void. It also requested an injunction halting further arbitration proceedings. Bache was not made a party defendant to this suit, but was permitted to intervene on June 29, 1976 in order to protect its interests. The district court dismissed the action on November 15, 1976, holding that Tamari had to proceed with the pending arbitration and exhaust all avenues of administrative appeal before it could return to the district court.

A fourth suit was filed by Tamari against Bache on January 27, 1977. In this action, which is currently pending, Tamari is asking the district court to set aside the award of the panel of arbitrators in favor of Bache, which was entered on June 21, 1976 and affirmed by the Appeals Committee of the Chicago Board of Trade on January 25, 1977.

## II.

■ Defendants present a number of alternative arguments in support of their position that the district court correctly dismissed the third suit. Because we conclude that as arbitrators they cannot be sued with respect to their authority to resolve a dispute, we need not reach any of their other contentions or the merits of Tamari's claim.[2]

There is relatively little case law in the federal courts on the subject of an arbitrator's immunity from suit. The Third Circuit has held that an arbitrator is immune from suit for all acts which he performs in his capacity as an arbitrator. The court stated that an arbitrator has an immunity analogous to judicial immunity because he performs a quasi-judicial function. *Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114–15 (3rd Cir. 1962) (*per curiam*). *See also Hill v. Aro Corp.*, 263 F.Supp. 324 (N.D.Ohio 1967).

Tamari concedes that these cases were correctly decided, but argues that they do not control the present case. It asserts that its complaint does not challenge any actions of the arbitrators, but rather their capacity to resolve the dispute between Tamari and Bache. It further contends that defendants cannot rely on arbitral immunity if they have no right to arbitrate this dispute in the first place.

We agree that this case is not controlled by *Cahn* or *Hill*. The rationale behind those decisions—that an arbitrator cannot impartially resolve a dispute unless he is free from the fear of reprisal by a dissatisfied litigant—is inapplicable here. Tamari is not seeking damages against defendants because they ruled in favor of Bache. Rather, it is questioning defendants' authority to make any ruling in this case. Accordingly, the reasoning of *Cahn* and *Hill* must be extended to support a decision that defendants are immune from suit.

■ We hold that arbitral immunity should be extended to cases where the authority of an arbitrator to resolve a dispute is challenged. Defendants are individuals who are familiar with the commodities futures business. They agreed to serve as

---

2. One of defendants' arguments is that this case is moot because the arbitrators' award has already been entered. Since there would be no case or controversy under Article III of the Constitution if the case were moot, stripping us of subject matter jurisdiction, we should decide the case on mootness grounds if possible. However, it appears that the arbitrators' award has not yet been enforced. Consequently, a declaration that the award was void would still be of great assistance to Tamari and we therefore find that the case is not moot.

arbitrators, at nominal pay, at the request of the Chicago Board of Trade. It is obviously in the best interests of both the brokers who utilize the Chicago Board of Trade and their customers to have arbitration facilities available. But individuals such as defendants cannot be expected to volunteer to arbitrate disputes if they can be caught up in the struggle between the litigants and saddled with the burdens of defending a lawsuit. Defendants have no interest in the outcome of the dispute between Tamari and Bache, and they should not be compelled to become parties to that dispute.

Tamari argues that this suit is analogous to a mandamus action in which a judge is the defendant. We find it more comparable to an attempt by a dissatisfied litigant to sue the members of a jury, seeking to obtain a declaration that the jury's verdict was void on the ground that the selection of the jury was improper. Such a suit would not be permitted to go forward because it would place an unfair burden on the individual jurors and would discourage other citizens from becoming jurors. Moreover, there would be no need to allow such a suit. The litigant would be able to obtain the relief he sought by challenging the composition of the jury on appellate review of the original action. By pressing his claim in this latter manner he would properly place the burden of litigation on his actual adversary rather than on the members of the jury.

Similarly, our conclusion in this case in no way impinges upon Tamari's right to have arbitration performed by qualified arbitrators. An arbitrator's award is not self-executing. It must be enforced by a court, and it will not be enforced if the arbitrator was not chosen in conformance with the agreement of the parties to arbitrate or is otherwise unqualified. *See, e. g., Food Handlers Local 425 v. Pluss Poultry, Inc.,* 260 F.2d 835 (8th Cir. 1958); *Local 227, Int'l Hod Carriers v. Sullivan,* 221 F.Supp. 696 (E.D.Ill.1963). Thus, Tamari is not foreclosed from challenging defendants' authority by our decision. It has the choice of either waiting for Bache

to attempt to enforce the arbitrators' award and then asserting its claim as a defense or bringing an action against Bache seeking to have the award set aside because the panel was improperly selected. In fact Tamari took the latter step in its fourth suit, filed on January 27, 1977. If Tamari's contentions are correct, it will prevail in that suit and obtain the relief it seeks. But in any event, the burden of meeting those contentions will fall upon Bache, which is Tamari's real adversary, rather than upon the defendants.

The judgment of the district court is affirmed.