I. & F. CORPORATION, Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, LOCAL 8, et al., Defendants.

Civ. No. C-1-79-350.

United States District Court, S. D. Ohio, W. D.

July 28, 1980.

Robert T. Dunlevely, Jr., Dayton, Ohio, for plaintiff.

Gary M. Eby, Joseph E. Conley, Jr., Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

In this action plaintiff I. & F. Corporation seeks to vacate a determination made by defendant Joint Trade Board (Board) in a grievance proceeding initiated by defendant International Association of Heat and Frost Insulators and Asbestos Workers Local No. 8 (Union) against plaintiff. The Joint Trade Board is created by Article XIX of the Collective Bargaining Agreement to which plaintiff and defendant Union are signatories. According to the Agreement, the Board consists of one member of each signatory contractor and an equal number of Union members.

The Agreement also provides for a three-step grievance resolution procedure. This procedure calls for an initial attempt at resolution among the parties to the dispute. In cases where the parties fail to agree, the matter in dispute is then referred to the Joint Trade Board who has the power to impose fines or penalties and to see that any fines or penalties so imposed are satisfied. Those disputes which cannot be settled by the Board are referred to an arbitrator selected by the Board whose findings shall be final and binding.

In the instant case, the Board rendered a determination in favor of defendant Union and imposed a substantial fine against plaintiff. Plaintiff contends that the Board had no jurisdiction over the grievance because informal attempts to resolve the matter had not been exhausted. Moreover, plaintiff claims that the Board has exceeded its authority, based its decision on improper evidence, and acted in bad faith and with malice in rendering an excessively burdensome award. Defendant Union has answered plaintiff's complaint and filed a counterclaim seeking enforcement of the Board's award. Presently at issue and before the Court for consideration are defendant Board's motion to dismiss plaintiff's complaint, plaintiff's motion to dismiss the

Union's counterclaim and the Union's motion to add a party to its counterclaim. Each will be considered in turn.

Defendant Board has moved to dismiss the complaint against it on the ground that plaintiff has failed to state a claim upon which relief may be granted. More specifically, defendant Board contends that it is immune from suit under the doctrine of "arbitral immunity".

In its memorandum contra, plaintiff argues that arbitral immunity does not insulate the Board from liability because the Board is not an "arbitrator" as contemplated by the immunity doctrine. In support, plaintiff points to the Board's composition and the absence of a disinterested member. Its membership consists of representatives of the parties to the collective bargaining agreement. Moreover, plaintiff submits that insofar as the Board, by the terms of the collective bargaining agreement, is granted jurisdiction to see that any fines or penalties which it imposes are satisfied, the functions of the Board are distinguishable from that of an arbitrator.

The object of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of the pleadings. Thus, well pleaded facts are taken as true and the complaint should be construed liberally in favor of the party opposing the motion. *Davis H. Elliott Co. v. Caribbean Utilities Co.*, 513 F.2d 1176 (6th Cir. 1975). Such a motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.", *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ The term "joint boards" generally applies to those review committees set up by the terms of a collective bargaining agreement whose membership consists of equal numbers of representatives from both the management and labor signatories of the contract. It is well settled that griev-

ance procedures, if provided for in a labor contract, are to be given the broadest possible construction.[1] That the term "arbitration" does not appear in the collective bargaining agreement is not fatal to a construction of the settlement mechanism as an arbitration board.

■ In the traditional sense, an arbitrator is one who has no interest in the outcome of the matters under his consideration. Joint boards, however, are distinguished by a lack of an impartial component or member. Thus, the members of a joint board are often vitally interested in the matters before them. Nonetheless, it is not arbitration per se that federal policy favors, but rather final adjustment of differences by a means selected by the parties. If the parties agree that a procedure other than arbitration shall provide a conclusive resolution of their differences, federal labor policy encourages that procedure no less than arbitration. A determination made pursuant to that chosen procedure is no less favorable in a federal court than is an arbitration award. *United Mine Workers of America, District No. 2 v. Barnes & Tucker Co.*, 561 F.2d 1093 (3d Cir. 1977).

■ Thus, where labor and management agree on a forum for the peaceful resolution of disputes, that agreement should be honored. Accordingly, joint boards are reviewed under the same standards as binding arbitration awards. *General Drivers, Warehousemen and Helpers Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963); *Bieski v. Eastern Automobile Forwarding Co.*, 396 F.2d 32 (3d Cir. 1968).

Plaintiff contends that Article XIX of the collective bargaining agreement expressly provides for arbitration by a body other than the Joint Trade Board. In support plaintiff points to paragraph 7 of that article which provides:

---

1. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

Trade disputes or grievances that cannot be settled by the Trade Board, shall be referred to a disinterested arbitrator whose findings shall be final and binding.

■ It is clear that resort to the arbitrator shall be taken only where disputes or grievances cannot be settled by the Trade Board. In all other cases, as here, where the Board is able to reach a decision, the decisions of that body are entitled to the same finality. We hold, therefore, that the award of the Joint Trade Board in this case is a final determination and is to be reviewed under the same standards as that of an arbitration panel. We turn then to consideration of the parameters of arbitral immunity.

Under federal law it is now a clearly established national policy to encourage the use of arbitration. *See Steelworkers Trilogy; Rhine v. Union Carbide Corp.*, 343 F.2d 12 (6th Cir. 1965). This federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the award. The arbitrators under these collective bargaining agreements are indispensable agencies in the collective bargaining process. In *Hill v. Aro Corp.*, 263 F.Supp. 324 (N.D.Ohio 1967), the district court surveyed the law regarding arbitral immunity and concluded that:

> If national policy encourages arbitration and if arbitrators are indispensable agencies in the furtherance of that policy, then it follows that the common law rule protecting arbitrators from suit ought not only be affirmed, but, if need be, expanded. 263 F.Supp. at 326.

There is relatively little case law in the federal courts on the subject of an arbitrator's immunity from suit. The United States Court of Appeals for the Third Circuit has held that an arbitrator is immune from suit for all acts which he performs in his capacity as an arbitrator. The Court stated that an arbitrator has an immunity analogous to judicial immunity because he performs a quasi-judicial function. *Cahn v. International Ladies Garment Union*, 311 F.2d 113 (3d Cir. 1962).

■ When an arbitrator has jurisdiction over a dispute, the merits of his award will be reviewed very narrowly. In *Tamari v. Conrad*, 552 F.2d 778 (7th Cir. 1977), plaintiff questioned defendant's authority to arbitrate and make rulings on certain matters. The Court held that arbitral immunity should be extended to cases where the authority of an arbitrator to resolve a dispute is challenged. They noted that any other result would discourage qualified arbitrators from lending their services where the possibility of suit was imminent. A contrary result was reached in *International Brotherhood of Teamsters v. Western Pennsylvania Motor Carriers Association*, 574 F.2d 783 (3d Cir. 1978). There it was held:

> Whether the arbitrator has jurisdiction over a particular dispute—i. e., whether the controversy is arbitrable—is a question for the court to decide. A jurisdictional decision by an arbitrator that he has authority to decide a dispute is subject to a much broader and more rigorous judicial review. 574 F.2d at 787.

■ Since the jurisdiction of the arbitrator is contractually granted by the parties, the question as to whether a particular dispute is arbitrable necessarily depends on "whether the parties agreed to submit the dispute to arbitration". *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1122 (3d Cir. 1969). Thus, in examining the jurisdictional predicate, i. e., the contract provisions, courts must be mindful of the strong presumption in favor of arbitrability. Doubts should be resolved in favor of coverage. *United Steelworkers v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

■ There are three recognized exceptions, however, to the general proposition that arbitrability is for the court. *George Campbell Painting Corp. v. Brotherhood of Painters*, 480 F.Supp. 420 (E.D.Pa.1979). The first such exception applies where the arbitrability issue unavoidably implicates the merits of the underlying controversy. *See United Steelworkers of America v. Warrior and Gulf Navigation Co., supra.*

No such "back door" problem is present here because consideration of plaintiff's allegations does not require interpretation of the substantive provisions of the contract. A second exception to the general rule permits the parties to reserve the question of arbitrability to the arbitrator by a "clear demonstration of that purpose". *United Steelworkers of America v. Warrior and Gulf Navigation Co., supra* at 583, n. 7. No such reservation is claimed by either party.

The third exception applies where questions of "procedural arbitrability" are used to undermine an arbitrators decision on the merits. This exception was defined in *John Wiley & Sons v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). In *Wiley*, the employer had acquired by merger a company with an existing collective bargaining agreement. Following several disputes with the employer over employee rights, as well as pension fund payments, the Union brought an action to compel arbitration. The employer insisted *inter alia*, that it had no duty to arbitrate because either (1) it was not bound by a collective bargaining agreement executed by its predecessor prior to the merger; or (2) the Union had failed to utilize the prearbitration conferences required by the Agreement.

Justice Harlan, writing for the unanimous court in *Wiley*, held that the employer was bound by its predecessor's collective bargaining agreement. He also concluded that the arbitrator should determine the effect of the Union's alleged failure to follow the procedures mandated in the agreement. The Court indicated that labor disputes may not be broken into procedural and substantive aspects, but should be considered as clustered problems. Justice Harlan explained:

> Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the

merits of the dispute which is presented for arbitration . . . It would be a curious rule which required that intertwined issues of 'substance' and 'procedure' growing out of a single dispute and raising the same questions on the same facts had to be carved up between two different forums, one deciding after the other. Neither logic nor considerations of policy compel such a result.

Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator. Even under a contrary rule, a court could deny arbitration only if it could confidently be said not only that a claim was strictly 'procedural', and therefore within the purview of the court, but also that it should operate to bar arbitration altogether, and not merely limit or qualify an arbitral award. In view of the policies favoring arbitrations and the parties' adoption of arbitration as the preferred means of settling disputes, such cases are likely to be rare indeed. In all other cases, those in which arbitration goes forward, the arbitrator would ordinarily remain free to reconsider the ground covered by the Court insofar as it bore on the merits of the dispute using the flexible approaches familiar to arbitration. Reservation of 'procedural' issues for the courts would thus not only create the difficult task of separating related issues, but would also produce frequent duplication of effort. 376 U.S. at 557, 558, 84 S.Ct. at 918.

■ In the instant case, plaintiffs claim that the failure of defendant Union to exhaust the informal grievance settlement procedures divests the Joint Board of jurisdiction over this matter. As in *Wiley*, this alleged failure to comply with prearbitration procedures presents a procedural defect which must be considered by the arbitrator.[2]

---

2. We note that several courts faced with this question have reached the same result. *H & M*

*Cake Box, Inc. v. Bakery Workers Local 45*, 493 F.2d 1226 (1st Cir. 1974); *General Dynam-*

Plaintiff contends that the award of the Joint Trade Board against it in the amount of $76,306.39 is grossly excessive. Plaintiff argues that, in the over twenty years that the collective bargaining agreement has been in effect, the Board has never imposed a fine in excess of One Thousand Dollars. This award, plaintiff alleges, is the result of partiality and other misconduct on the part of the Board.

■ As noted above, the scope of our review of the Board's award is narrowly circumscribed. We may only disturb the award where there is a manifest disregard of the collective bargaining agreement, totally unsupported by principles of contract construction and the laws of the shop; when fraud, partiality, or other misconduct on the part of the arbitrator is shown; or when the award violates the command of some law, is too vague and ambiguous to be enforced, or is inconsistent with public policy. *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123 (3d Cir. 1969); *Warehouse Employees Local 169 v. Acme Markets, Inc.*, 473 F.Supp. 709 (E.D.Pa.1969). The sole question before the Court is whether the Board's decision is "by reason of some circumstance outside the contract itself, 'so palpably faulty that no judge, or group of judges, could ever conceivably ma[k]e such a ruling.'" *International Union of Electrical, Radio and Machine Workers, AFL–CIO v. Peerless Pressed Metal Corp.*, 489 F.2d 768, 769 (1st Cir. 1973), quoting *Safeway Stores v. Bakery Workers Local 111*, 390 F.2d 79, 82 (5th Cir. 1968).

■ It is well settled that an award will not be set aside merely because the arbitrator erred in finding the facts or applying the law. *Ludwig Honold Mfg. Co. v. Fletcher, supra.* It is the award, rather than the specific reasoning employed, that a court must review. *Schlesinger v. Building Service Employees International Union,*

*Local 252*, 367 F.Supp. 760 (E.D.Pa.1973). Here, plaintiff has alleged that the award is the result of partiality and misconduct which, if true, would vitiate the cloak of immunity which surrounds the activities of an arbitrator. Such allegations are sufficient to enable plaintiff's complaint to withstand a motion to dismiss. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Defendant Union has filed a counterclaim against plaintiff seeking enforcement of the Board's award. Plaintiff has moved to dismiss this counterclaim alleging that the Union lacks standing to seek enforcement of the Board's order.

■ Article XIX paragraph 6 of the Collective Bargaining Agreement provides that:

> The Trade Board shall see that any fines or penalties . . . imposed are satisfied and the charitable disposition of monies so collected shall be decided by the Trade Board.

In view of this clear language in the contract, defendant Union's argument that the above provision does not give the Board exclusive authority to seek enforcement is specious. Thus, plaintiff's motion to dismiss the Union's counterclaim is GRANTED.

In sum, the motion to dismiss by defendant Joint Trade Board is granted relative to consideration of the issue of the Board's jurisdiction to hear the grievance at issue in this case. Plaintiff's motion to dismiss the Union's counterclaim is also GRANTED. Remaining for our consideration are the issues of alleged partiality or misconduct on the part of the Joint Trade Board and issues related thereto. For this purpose the Joint Trade Board remains a defendant in this action. In view of our ruling on the plaintiff's motion to dismiss the counter-

ics Corp. v. Marine Workers Local 5, 469 F.2d 848, 853–854 (1st Cir. 1972); *George Campbell Painting Corp. v. Brotherhood of Painters*, 480 F.Supp. 120 (E.D.Pa.1979); *Granny Goose Foods, Inc. v. Teamsters*, 88 LRRM 2029, 2033 (N.D.Cal.1974). See also *Radio Corp. of Amer-*

ica v. Association of Professional Engineering Personnel, 291 F.2d 105, 110 (3d Cir. 1961); *Local 542 v. Penn State Construction, Inc.*, 356 F.Supp. 512, 513–514 (M.D.Pa.1973); Case Note, 43 Fordham L.Rev. 880 at 884–885 (1975).

claim, defendant Union's motion to add the Board as a party to its counterclaim is moot.

IT IS SO ORDERED.