Frank CALZARANO, Plaintiff,

v.

Jonathan E. LIEBOWITZ, Defendant.

No. 82 Civ. 4905 (WCC).

United States District Court,
S.D. New York.

Nov. 22, 1982.

Frank Calzarano, plaintiff, pro se.

Bernstein & Arfa, New York City, for defendant; Jonathan P. Arfa, Stephen G. Eisenberg, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

Plaintiff Frank Calzarano ("Calzarano") has brought this action against defendant Jonathan S. Liebowitz ("Liebowitz") seeking $1,050,000 in damages arising out of an arbitration award rendered by Liebowitz on May 5, 1981. The case is before the Court on defendant's motion to dismiss. Rules 12(b)(1), 12(b)(6), F.R.Civ.P. For the reasons stated below, the motion is granted.

*Background*

At the time of the events in question, Calzarano was employed by the United States Postal Service ("the Service"). The complaint alleges that on July 6, 1980 he was served with a letter of warning by the Service based on his failure to report to work on certain days in April of 1980. The matter followed the prescribed grievance procedure and on February 5, 1981 Liebowitz was selected by the parties to serve as the arbitrator of the dispute between Calzarano's union and the Service. Following a hearing on April 29, 1980, Liebowitz issued a decision on May 5, 1981 in which he concluded that the letter of warning had been issued with just cause.

Calzarano now alleges that Liebowitz lacked impartiality and claims that because the letter of warning was not supported by just cause, the arbitrator's award violates the eighth amendment to the United States Constitution which proscribes cruel and unusual punishment.

*Discussion*

■ Liebowitz bases his motion to dismiss on two grounds: (1) a lack of subject matter jurisdiction and (2) a failure to state a claim upon which relief can be granted. While the Court notes in passing that the eighth amendment applies only to criminal punishment rather than to civil matters such as that at issue here, see *Ingraham v. Wright*, 430 U.S. 651, 666–67, 97 S.Ct. 1401, 1409–10, 51 L.Ed.2d 711 (1971), it is also clear that Liebowitz is immune from suit arising out of his functions as an arbitrator. See *Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114 (3d Cir.1962) (per curiam).

■ In *Cahn*, the Third Circuit upheld the dismissal of allegations against an arbitrator who was sued on the basis of his quasi-judicial acts. See *id.* In reaching the decision to dismiss the complaint against the arbitrator, the district court stated:

It has been held that an arbitrator is not liable in a civil action for damages for an award alleged to have been made by him fraudulently and corruptly. See, *e.g., Jones v. Brown*, 54 Iowa 74, 6 N.W. 140 (1880). It was stated in *Hoosac Tunnel Dock & Elevator Co. v. O'Brien*, 137 Mass. 424 (1884), at page 426:

"An arbitrator is a quasi judicial officer, under our laws, exercising judicial functions. There is much reason in his case for protecting and insuring his impartiality, independence, and freedom from undue influences, as in the case of a judge or juror. The same considerations

of public policy apply, and we are of opinion that the same immunity extends to him."

203 F.Supp. 191, 194 (E.D.Pa.1962).

Thus, the principle underlying the doctrine of arbitral immunity is the same as that giving rise to the doctrine of judicial immunity: the protection of the decision-making process from reprisals by dissatisfied litigants. See *Corey v. New York Stock Exchange,* 493 F.Supp. 51, 54 (W.D.Mich.1980).

■ In this case, the complaint refers only to acts taken by Liebowitz in his role as arbitrator and thus the immunity attaches. Accordingly, the complaint is dismissed. Rule 12(b)(6), F.R.Civ.P.

■ In addition to seeking dismissal of the complaint, Liebowitz also seeks an award of his costs and expenses, including attorney's fees. See *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 126–29, 94 S.Ct. 2157, 2163–65, 40 L.Ed.2d 703 (1974) (attorney's fees may be awarded to successful party when opponent has acted wantonly, in bad faith, or for oppressive reasons). The motion is denied. However groundless this *pro se* complaint may be, it does not justify an award of attorney's fees where, as here, there is no statutory basis asserted for such an award.

SO ORDERED.