**PUERTO RICO TELEPHONE COMPANY, INC.**
**Plaintiff,**

v.

**UNION INDEPENDIENTE DE EMPLEADOS TELEFONICOS**
**Defendant.**

**No. 00–1835 (RLA).**

United States District Court,
D. Puerto Rico.

Dec. 20, 2000.

---

Gregory T. Usera–Macfarlane, Schuster Usera Aguilo & Santiago, San Juan, PR, for Plaintiff.

José E. Carreras–Rovira, San Juan, PR, for Defendant.

### ORDER DISMISSING ACTION FOR LACK OF JURISDICTION

ACOSTA, District Judge.

At the Initial Scheduling Conference held on September 21, 2000, the Court ordered the parties to submit briefs on the issue of the union's affirmative defense that plaintiff PUERTO RICO TELEPHONE COMPANY should have submitted this action to arbitration rather than filing suit under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

The parties have submitted briefs accordingly, and the Court, having carefully considered the arguments set forth in Plaintiff's Memorandum Opposing Defendant's Affirmative Defense Regarding Mandatory Arbitration (**docket No. 11**, filed on September 29, 2000) and Defendant's Memorandum of Law in Reply... (**docket No. 13**, filed on October 20, 2000), hereby finds that due to the contractual provision in Article 52 of the Collective Bargaining Agreement (CBA) in effect at the time that this action was filed, plaintiff had to seek redress of its claim for breach of the no-strike clause through the established arbitration procedure prior to filing a complaint before the court.

We further find that the arbitrator must be the one to determine in the first instance whether the alleged repudiation by the Union in fact occurred.

Plaintiff argues that First Circuit law exists to the effect that if the Union chooses not to follow the applicable grievance and arbitration procedures, the employer is relieved from resorting to arbitration. Plaintiff relies for this proposition on *H & M Cake Box, Inc., v. Bakery and Confectionery Workers International Union of America*, 454 F.2d 716 (1st Cir.1972), where the Court of Appeals determined that the no-strike provision at issue therein was "very possibly" a *quid pro quo* for the arbitration clause. Thus, it reasoned that the Union's unauthorized strike relieved the company of its obligation to arbitrate. *Id.* However, because the Court found that material issues of fact existed as to whether there had been a repudiation of the contract by the Union or its representative, the district court's summary judgment in *Cake Box* was reversed and the case remanded to resolve those factual issues.

On remand, the district court again granted summary judgment in the Union's favor, holding that (1) the arbitration clause at issue allowed for arbitration of violations to the no-strike clause; and (2) whether or not there had been repudiation by the Union was for the arbitrator to determine. 1973 WL 1024 (D.Mass.1973). These findings were upheld on a second appeal, 493 F.2d 1226 (1st Cir.1974), *cert. denied*, 419 U.S. 839, 95 S.Ct. 68, 42 L.Ed.2d 66 (1974), in which the Court held that arbitration was proper because the determination of what conduct constitutes "repudiation" of the collective bargaining agreement or its arbitration provision fell within the purview of the arbitration clause.

Accordingly, because we find that the term "grievance" as defined in Article 52 of the CBA between PUERTO RICO TELEPHONE COMPANY and UNION INDEPENDIENTE DE EMPLEADOS TELEFONICOS encompasses *any claim* relating to construction, application or administration or *alleged violation* of the agreement, plaintiff's claim for damages for the Union's alleged breach of the no-strike provision must be submitted to arbitration pursuant to the CBA. *See also General Dynamics Corp. v. Local 5, Marine*

*and Shipbuilding Workers*, 469 F.2d 848, 853–854 (1st Cir.1972).

In light of the above, Plaintiff's Memorandum Opposing Defendant's Affirmative Defense Regarding Mandatory Arbitration (**docket No. 11**) is **DENIED** and this action is hereby **DISMISSED** for lack of jurisdiction. Judgment to issue.

IT IS SO ORDERED.

### FINAL JUDGMENT

The Court having dismissed this action through its Order issued on this date, it is

HEREBY ORDERED AND ADJUDGED that the complaint in this action be and the same is hereby DISMISSED.

IT IS SO ORDERED.