**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1767

DONNA MARIE CONNER,

Plaintiff - Appellant,

v.

AMERICAN ARBITRATION ASSOCIATION; ANTOINETTE S. CLARINGTON,
case administrator; MR. RHODES, Arbitrator; MR. HOPKINS;
LINDA BEYEA; AUTHOR SOLUTIONS, INCORPORATED, d/b/a
Authorhouse,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Richard L. Williams, Senior
District Judge. (3:08-cv-00021-RLW)

Submitted: January 21, 2009            Decided: February 6, 2009

Before WILKINSON, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donna Marie Conner, Appellant Pro Se.  Philip Clark Baxa, MERCER
TRIGIANI, LLP, Richmond, Virginia; Bryan William Horn, FLORANCE,
GORDON & BROWN, Richmond, Virginia; Judy L. Woods, BOSE MCKINNEY
& EVANS, LLP, Indianapolis, Indiana, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donna Marie Conner appeals the district court's dismissal of her civil action on the motions to dismiss filed by the Appellees. Conner filed a Complaint in the district court arising out of an arbitration proceeding between Conner and 1st Books Library a/k/a AuthorHouse ("AuthorHouse"), which was administered by the American Arbitration Association ("AAA"). The underlying basis for the Complaint was to have vacated and set aside the December 18, 2007 arbitration Award issued by Richard S. Rhodes ("Rhodes"), as arbitrator, in the matter of Donna Marie Conner v. AuthorHouse, American Arbitration Association No. 52 143 Y 000308 07. Conner named as Defendants the AAA; Antoinette S. Clarington, Case Administrator for the AAA; Linda Beyea, Assistant Vice President of the AAA; and Rhodes (collectively the "AAA Appellees").[1] While not identified as Defendants in the caption of the Complaint,[2] Author Solutions, Inc. d/b/a AuthorHouse ("AuthorHouse") and Eugene Hopkins (collectively referred to as the "AuthorHouse Appellees"),

---

[1] Conner also named Bryan H. Babb, a partner with the law firm that represented the AuthorHouse Appellees as outside counsel in the Arbitration. Babb was dismissed as a Defendant by the district court on April 18, 2008, and Conner has not appealed that order.

[2] Nor did Conner make any allegation against them or seek relief from them in the body of her Complaint.

parties to the underlying arbitration proceeding, have been listed as Appellees as well.

The arbitrator found that Conner failed to sustain her burden of proof relative to most of her claims. He further found that while AuthorHouse did, in fact, ultimately terminate the Contract in compliance with Conner's request, it did so after a delay which constituted a breach of contract. Rhodes determined, however, that the delay caused no damage to Conner, thus precluding any entitlement to relief. Both parties to the arbitration were directed to share the administrative fees and expenses of the AAA, as well as the compensation and expenses of the arbitrator. Conner sought to overturn the arbitration Award on the ground that Rhodes purportedly rendered an "unethical decision."

Following a hearing on the collective motions to dismiss, the district court dismissed Conner's action. Finding a myriad of jurisdictional infirmities, as well as the failure to state a legal claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), we affirm.

It is clear that the underlying purpose of Conner's Complaint was to have the Award rendered in favor of AuthorHouse set aside. For relief, Conner requested that AuthorHouse be forced to pay the monies owed to her for its breach of the Contract between them, which monies she sought as relief in the

arbitration proceeding. She also sought a ruling that AuthorHouse pay the fees associated with the arbitration proceeding. While she complained of a "conspiracy" between Rhodes and AuthorHouse, and claimed that Rhodes' decision was "unethical," she sought no relief from Rhodes or the AAA directly.

When stripped of its hyperbole, Conner's Complaint is a clear-cut attempt to appeal the adverse arbitration Award. As such, the AAA Appellees are correct in their position that they are not indispensible, necessary, or proper parties to the litigation. See, e.g., Tamari v. Conrad, 552 F.2d 778, 781 (7th Cir. 1977). In addition, when parties agree to submit to AAA arbitration and mediation proceedings, they are deemed to have consented to the AAA's Commercial Arbitration Rules, which rules provide that neither the AAA nor any arbitrator in a proceeding under such rules is a necessary or proper party in a judicial proceeding relating to the arbitration, nor are they liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration.

Moreover, review of arbitral awards is limited. Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994). See also International Med. Group, Inc. v. American Arbitration Ass'n, 312 F.3d 833, 843 (7th Cir. 2003); Austern v. Chicago Bd. Options Exch., Inc., 898 F.2d 882, 886 (2d Cir. 1990); Tamari v.

4

Conrad, 552 F.2d at 780; Cahn v. International Ladies' Garment Union, 311 F.2d 113, 114-15 (3d Cir. 1962).

Here, Conner failed to articulate any factual or legal underpinnings to support her vague and conclusory claims against the AAA Appellees, including her assertion that Rhodes' decision was unethical. As such, those claims fail.

Nor did the district court err in dismissing Conner's Complaint against the AuthorHouse Appellees. We find that the action suffered a number of infirmities as to those Defendants, including, but not limited to, lack of jurisdiction, insufficient service of process pursuant to the legal requirements of Fed. R. Civ. P. 4, and failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

While a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and a plaintiff does not need to make detailed factual allegations in a complaint, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007), a complaint requires more than labels and conclusions, and thus a complainant must do more to state purported grounds of her entitlement to relief. Id. at 1964-65.

We find that Conner's Complaint fails to meet the most basic requirements of pleading under the Federal Rules of Civil Procedure. It is not a short and plain statement of the grounds for the claim showing that Conner is entitled to the relief she seeks. Fed. R. Civ. P. 8(a). Rather, it is little more than a collection of cursory allegations of unethical behavior associated with an incorrect result relative to the arbitration proceeding. Conner's conclusory allegations that she has been wronged by virtue of Rhodes' decision in the arbitration proceeding, together with her failure to make specific allegations against or request specific relief that could be provided by the AuthorHouse Appellees, are insufficient under the Federal Rules of Civil Procedure. Her Complaint therefore fails to state a claim for which relief may be granted by either AuthorHouse or Hopkins. Accordingly, the district court's dismissal of the Complaint as against the AuthorHouse Appellees was proper pursuant to Fed. R. Civ. P. 12(b)(6).

In summary, Conner has pled no facts to support a finding that she stated a claim for which relief may be granted by any of the named Defendants. As her Complaint is merely a compilation of irrational statements and self-serving conclusions, it is insufficient under any interpretation to support a finding that Conner stated a claim sufficient to

withstand a motion to dismiss. Accordingly, the district court's dismissal of Conner's Complaint was proper.

Conner also seeks to have this court discipline Bryan Horn, attorney for Defendant Babb, for his involvement in the case following the stipulated dismissal of Babb from the litigation. As this issue was not first presented to the district court, and is, in any event, frivolous, it is not properly before this court on appeal.

Accordingly, we deny Conner's motion for appointment of counsel, we decline to consider issues not first presented to the district court, and we affirm the district court's order dismissing Conner's action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED