INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL–CIO, Petitioner,

v.

WEST GULF MARITIME ASSOCIATION, Council of North Atlantic Shipping Associations, New York Shipping Association, Inc., New Orleans Steamship Association, Southeast Florida Employers Port Association, Inc., South Atlantic Employers Negotiating Committee, Mobile Steamship Association, Inc., Respondents.

No. 84 Civ. 9080 (LBS).

United States District Court,
S.D. New York.

Feb. 19, 1985.

Thomas W. Gleason, Ernest L. Mathews, Jr., New York City, for petitioner Intern. Longshoremen's Ass'n.

Healy & Baillie, New York City, for respondent West Gulf Maritime Ass'n; Howard M. McCormack, New York City, of counsel.

Clifton, Budd, Burke & DeMaria, Thomas W. Budd, Robert A. Wiesen, New York City, for respondent Council of North Atlantic Shipping Associations.

Francis A. Scanlan, Philadelphia, Pa., for respondent and cross-petitioner CONASA.

Lambos, Flynn, Nyland & Giardino, New York City, for respondent N.Y. Shipping Ass'n, Inc.; Peter Lambos, Sr., New York City, of counsel.

Walker, Bordelon, Hamlin & Theriot, David Walker, New Orleans, La., Breed Abbott & Morgan, David Spellman, New York City, for respondent New Orleans Steamship Ass'n.

Hogg, Allen, Ryce, Norton & Blue, Donald T. Ryce, Jr., Coral Gables, Fla., Freehill, Hogan & Mahar, Nathan J. Bayer, New York City, for respondent Southeast Fla. Employers Port Ass'n, Inc.

Adams, Gardner, Ellis & Engles, Sam Inglesvy, Savannah, Ga., Freehill, Hogan & Mahar, Nathan J. Bayer, New York City, for respondent South Atlantic Employers Negotiating Committee.

Haight, Gardner, Poor & Havens, John Weir, New York City, for respondent Mobile S.S. Ass'n, Inc.

## OPINION

SAND, District Judge.

Before this Court is the International Longshoremen's Association, AFL–CIO ("ILA") Petition to Confirm and Enforce an Arbitration Award and cross-motions to vacate that award [1] and to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.[2] This is a subsequent stage in the proceedings which gave rise to this Court's Opinion and order of October 4, 1984, *International Longshoremen's Association v. West Gulf Maritime Association*, 594 F.Supp. 670 (S.D.N.Y.1984), familiarity with which is assumed, and the background issues of this controversy will not be repeated herein.[3]

In our October 4th Opinion, we held that the question *whether* an arbitration award has been made should be determined by the arbitrators themselves, not the Court, and we accordingly remanded the matter to the Emergency Hearing Panel ("EHP") for resolution of that question. The EHP then met to consider the effect that the abstention by a management representative had had on the vote taken at its June 12, 1984 meeting on the ILA resolution on container gang sizes. The EHP was unable to agree on the consequences of the June 12th abstention and, pursuant to deadlock procedures prescribed by the EHP by-laws, referred the matter to arbitration by a third-party arbitrator selected jointly by management and labor. The arbitrator, Arnold M. Zack, Esq., issued his award on December 10, 1984 (Ex. 4 to Petition to Confirm) finding that the ILA resolution received a majority of votes and that it therefore resulted in a final, binding and enforceable award under the relevant agreements of the parties.

■ The first issue to be addressed is the contention of WGMA and CONASA that the issue before Mr. Zack was not arbitrable or, if arbitrable, that his decision was "in manifest disregard of the undisputed facts and law and is an abuse of the arbitration process." Affidavit of Walter A. Niemand in Opposition to Motion to Confirm, par. 10. This contention is without merit.

There is no need to restate the proposition, well understood by the parties, that the scope of judicial review of arbitration awards is severely limited. *See* cases cited in *International Longshoremen's Association v. West Gulf Maritime Association*, 594 F.Supp. at 675. These principles were reaffirmed last month by the Court of Appeals for the Second Circuit in *United States Steel and Carnegie Pension Fund v. Dickinson*, 753 F.2d 250 (2d Cir.1985). There the court wrote:

We believe our decision in *Advance Publications, Inc. v. Newspaper Guild*, 616 F.2d 614 (2d Cir.1980), governs this case. There we held that if an arbitrator

1. Respondents West Gulf Maritime Association ("WGMA") and Council of North Atlantic Shipping Associations ("CONASA") so move.

2. Respondents Southeast Florida Employers Port Association, Inc. ("SFEPA"), New Orleans Steamship Association ("NOSA"), South Atlantic Employers Negotiating Committee ("SAENC"), and Mobile Steamship Association ("MSA"), so move. We refer to these movants collectively as the "Other Regional Employer Associations."

3. The West Gulf Maritime Association ("WGMA") has appealed this Court's prior order to the Court of Appeals for the Second Circuit and initially moved in the District Court to stay proceedings pending a determination of that appeal. At oral argument on January 31, 1985,

however, it appeared that the application was withdrawn with the understanding and agreement that the parties would join in a request to the Court of Appeals to consolidate the appeal from this Court's decision on these motions with the pending appeal, request an expeditious processing of that appeal and refrain from instituting any new legal proceedings or job actions predicated on this ruling pending appellate review by the Court of Appeals. *See* transcript proceedings January 31, 1985. However, correspondence received subsequent to oral argument indicates that it is the position of several shipping associations that no such stipulation exists. The application for a stay is denied.

offers even a barely colorable justification for his decision, we will not vacate it on the basis of a claim he exceeded his authority by misinterpreting the parties' contract. That holding reflects our recognition that arbitrators must have broad authority to interpret the contracts they apply. *Id.* at 617. It also reflects the narrow reading we have consistently accorded our authorization, under the Federal Arbitration Act, to vacate arbitration awards on the ground that the arbitrator has overstepped his power. *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 703 (2d Cir.1978).

Slip op. at 252–53.

Here, the arbitrator, in a well-reasoned opinion, resolved precisely the specific issue referred to him. The concept advanced by respondents that only "substantive" and not "procedural" matters were subject to the EHP's deadlock procedures is baseless and would frustrate the obvious intent of the EHP by-laws to avoid any impasses.

The question *whether* the EHP issued a final and binding award on June 12th thus has been answered in favor of the Petitioner. Accordingly, we proceed to the issues left undecided in our October 4th Opinion.

### The Claims of WGMA and CONASA

WGMA and CONASA contend that the EHP award should be vacated pursuant to 9 U.S.C. § 10(d) which authorizes a court to vacate an award "where the arbitrators exceeded their powers or so imperfectly executed them that a mutual final and definite award upon the subject matter was not made." At the heart of respondents' claim is the contention that the ILA resolution before the EHP on June 12, 1984 addressed a matter appropriately dealt with at the local level and not one arising under the Master Contract. That, however, was the very issue raised by the June 12th resolution and decided adversely to respondents. In passing the resolution, the EHP rejected the argument of management that the Master Contract did not govern the minimum size of container gangs using more than two drivers.

 The EHP unquestionably has the authority to determine whether an issue is covered by the containerization provisions of the Master Contract. Such authority is a necessary part of its general authority, expressly granted by the parties, to resolve disputes relating to the containerization provisions.

 What respondents, in essence, now argue is that the EHP's conclusion was wrong. But that argument, even if accepted, is not a basis for vacating the award. As the Second Circuit noted in *Advance Publications*, the parties "have agreed to accept the judgment of an arbitrator, not that of a judge. By doing so, each party also accepts the risk that the arbitrator's interpretation of the contract will disagree with its own and may, in fact, be wrong." *Advance Publications, supra*, 616 F.2d at 618. Unless the construction adopted by the arbitrator was irrational, it will not be overturned by the courts. *United States Steel and Carnegie Pension Fund, supra*. Respondents have offered no argument to support a conclusion that the construction of the Master Contract adopted by the EHP was irrational.[4]

WGMA and CONASA also challenge the award on grounds of inadequate notice and failure to consider or allow presentation of pertinent evidence. These objections are somewhat more troubling. As noted in our October 4th Opinion, the issue decided on June 12th was one of considerable significance to the shipping industry, and the manner in which it was raised and decided

---

**4.** WGMA and CONASA also contend that the award (which relates generally to drivers) did not address the specific grievance that was before the EHP (which related to Port-O-Packer operators) and that the matter was not properly before the EHP because local grievance procedures had not been exhausted. These questions, too, are matters of contract interpretation that were likewise argued before, and resolved by, the EHP at its June 12th meeting. Absent a showing that the constructions adopted by the EHP were irrational (and none has been offered), they will not be overturned by this Court.

was far from a model of orderly deliberation. Nonetheless, mindful of the strict limitations imposed upon judicial review of arbitration awards, we do not believe that these objections provide a basis for vacating the June 12th award.

Resolution of the procedural matters arising out of arbitration are generally left to the arbitrator. *See John Wiley & Sons v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Here, the procedural objections that are now raised to the award were raised as well at the June 12th meeting and rejected by the EHP when the resolution was put to a vote.

■ An arbitrator's ruling on procedural issues will not be overturned under 9 U.S.C. § 10(c) unless it had the effect of denying the parties a fundamentally fair hearing, or was otherwise an unreasonable decision that prejudiced the rights of a party. *See Bell Aerospace Co. v. Local 516,* 500 F.2d 921 (2d Cir.1974); *Dan River, Inc. v. Cal-Togs, Inc.,* 451 F.Supp. 497 (S.D. N.Y.1978).

■ Here, the procedures expressly agreed to by the parties give the EHP considerable flexibility with respect to notice and presentation of evidence. An EHP meeting can be convened on "short notice by telephone" although five days' notice is preferred. EHP Rules of Procedure, para. B. Notice must be given to a party against whom a grievance has been filed, but no amount is specified. *Id.* para. F. With respect to presentation of evidence, a party against whom a grievance has been filed must be given an opportunity to present "such evidence as may be reasonably necessary to support his position," but the EHP may determine "whether to take testimony or to accept proof in any reasonable form acceptable to the panel." *Id.*

Four days' notice was given of the grievance against WGMA.[5] No formal testimony or presentation of documentary evidence took place, but the ILA resolution was discussed at length by the members of the EHP, who were representatives of the parties affected, and who were clearly conversant with the issue of contractual interpretation raised by the resolution.

Given the importance of the issue, it might have been preferable to defer a vote on the ILA resolution until labor and management representatives had had an opportunity to consult at length among one another and with their membership, or until representatives of each side had made a formal presentation of their respective positions on the issue. However, we do not find that a failure to defer the vote was, under the circumstances, so unreasonable or fundamentally unfair to the parties as to justify judicial nullification of the vote.[6]

### The Claims of the Other Regional Employer Associations

The ILA has joined in this proceeding Other Regional Employer Associations (see fn. 2, *supra*) who were not parties to the prior proceeding before this Court and various objections are raised on their behalf relating to the basis for personal jurisdiction, adequacy of notice and the propriety of joining them as parties at this time. None of the objections is persuasive.

■ These associations first contend that they are not subject to this Court's jurisdiction because they do not transact business here. However, they are signatories to the Master Contract, which entrusts to the EHP resolution of issues involving the containerization provisions of the Master Contract. Accordingly, as signatories to the Master Contract, they have consented to the jurisdiction of the EHP—and con-

---

**5.** In addition to arguing that this notice was inadequate, WGMA contends alternatively that it had *no* prior notice of the ILA resolution since the grievance placed on the agenda related to a local dispute about Port-O-Packer operators, not a Master Contract issue about utilization of drivers generally. We reject this alternative

contention as an indirect attempt to reargue the merits of the EHP's resolution.

**6.** A final objection that WGMA and CONASA raise to the award is that it was the product of duress or coercion. We find this contention to be meritless.

sequently to the jurisdiction of this Court to confirm its awards. *Merrill Lynch, Pierce, Fenner & Smith v. Lecopulos,* 553 F.2d 842 (2d Cir.1977).[7]

The associations next contend that the petition should be dismissed as against them for failure to state a claim upon which relief can be granted. The basis of this contention is that WGMA was the only shipping association which was a party to the grievance that resulted in the arbitration award.

▮ The situation is an unusual one. WGMA was, indeed, the only party named in the grievance. The grievance in question, however, was whether a particular practice was governed by the containerization provisions of the Master Contract. Since all signatories to that contract are bound by its terms, and since resolution of disputes relating to those terms have been entrusted to the EHP, the EHP's vote on the June 12th resolution necessarily affected all signatories to the Master Contract and not simply the party against whom the original grievance was filed.[8] In addition,

the award simply requires future adherence to the terms of the Master Contract as interpreted by the EHP on June 12th. It does not, in other words, require any retroactive or remedial measures that might not be equally applicable to all signatory associations.

▮ Under the unusual circumstances of this case, we believe that the Other Regional Employer Associations are parties to the arbitration award within the meaning of the Arbitration Act. Even if they are not, however, we believe that § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, provides a cause of action for enforcement of the award against the associations on the basis of their contractual obligation to abide by the terms of the Master Contract as interpreted by the EHP.[9]

Finally, the Other Regional Employer Associations raise objections as to lack of adequate notice and failure to exhaust local grievance procedures. These objections fail, however, for the same reasons that

---

**7.** SAENC disputes that it participated in the EHP proceedings in any fashion other than the appearance of its representatives as arbitrators, not as parties to a grievance. It claims that since these representatives were serving in the capacity of arbitrators at the June 12, 1984 hearing, it is immune from suits at law under *Calzarano v. Liebowitz,* 550 F.Supp. 1389 (S.D.N.Y.1982).

Given our conclusion that the parties consented to the jurisdiction of the EHP, their presence in New York at the June 12th meeting is not a prerequisite to this Court's jurisdiction over them in an action to enforce an award made by the EHP. Nonetheless, it is clear that the parties came to New York not solely in their capacity as arbitrators, but also in their capacity as management representatives. As a result, they are subject to this Court's jurisdiction, both on the ground of consent, and on the ground that they transacted business in New York out of which this litigation arises. N.Y.C.P.L.R. § 302(a)(1).

*Calzarano* related to the personal liability of an arbitrator acting in a quasi-judicial capacity and does not relate to the consequences of agreeing to and participating in an arbitration.

**8.** Nor is there any doubt that the EHP (whose members include representatives of all the Other Regional Employer Associations) understood the award to be binding on all signatories to the

Master Contract. The announcement of the award, signed by representatives of management and labor, is addressed "To All Carriers, Direct Employers, Port Associations and ILA Locals," and states that "[i]t is required that this determination be lived up to its fullest intent by all parties." Ex. 3 to Petition to Confirm.

**9.** In a motion filed after oral argument and the full submission of the petition to confirm and cross-motions, SAENC requests an evidentiary hearing with respect to the purposes for which the June 12th EHP meeting was called and whether job assignments within the container gang was a proper subject for consideration by EHP. The ILA opposes the request and seeks an award of costs incurred in connection with its opposition.

Both applications are denied. No disputed facts need be resolved by this Court. The contentions were presented to and rejected by the EHP which was the appropriate fact-finding body. The Other Regional Employer Associations seek the opportunity to relitigate in this Court or in their local district courts the precise issues determined by the EHP. This would of course essentially defeat the purpose and intent of having a Master Contract and the concepts of conformity and expeditious dispute resolution embodied in that Master Contract and in the establishment of the EHP.

those raised by WGMA and CONASA were rejected.[10]

Accordingly, for the reasons stated, the motion to confirm the Petition is granted and the motions to vacate and dismiss are denied.

SO ORDERED.

---

10. A defect in service of process was also raised by SFEPA, and conceded by the petitioner at oral argument, but has since been cured by proper service of process.