765 F.2d 422
 119 L.R.R.M. (BNA) 3112, 103 Lab.Cas. P 11,512
 SOUTH CAROLINA STEVEDORES ASSOCIATION, individually and as
representative of its direct employer members, Appellee,
v.
LOCAL NO. 1422, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION,
individually and as representative of a class consisting of
all members of the multi-employer bargaining units employed
by or eligible to be employed by the plaintiff Association
or its members; and Benjamin Flowers, individually and as
President of the defendant Local 1422, Appellants.
 No. 84-2189.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 8, 1985.
Decided June 19, 1985.
 
 Charles R. Goldburg, New York City (Ernest L. Mathews, Jr., Thomas W. Gleason, New York City, Grover C. Seaton, III, Moncks Corner, S.C., on brief), for appellants.
 Charles A. Edwards, Atlanta, Ga. (Greene, Buckley, DeRieux & Jones, Atlanta, Ga., Edward D. Buckley, Bailey & Buckley, Charleston, S.C., on brief), for appellee.
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Local 1422 of the International Longshoremen's Association (ILA) appeals the order of the District Court for the District of South Carolina enjoining the local from striking until it arbitrates its dispute with the South Carolina Stevedores Association in accordance with local contract provisions. Finding that the dispute between the parties has been resolved by an enforced arbitration award under the master contract, we dissolve the injunction.
 
 
 2
 The Stevedores Association is a multiemployer collective bargaining association representing Charleston, South Carolina employers. As a member of the South Atlantic Employers Negotiating Committee, a regional bargaining association, the Stevedores Association is a party to the ILA master contract.
 
 
 3
 This injunction was granted to restrain a strike threatened because of a dispute over the use of container gangs.* The dispute was resolved by an arbitration award under the master contract made after an emergency hearing panel (EHP) decision. The EHP in reaching its decision considered and rejected the argument of management that local contracts, not the master contract containerization provisions, governed the dispute. The award has been confirmed. International Longshoremen's Ass'n v. West Gulf Maritime Ass'n, 605 F.Supp. 723 (S.D.N.Y.1985), aff'd, 765 F.2d 135 (2d Cir., 1985) (unpublished).
 
 
 4
 The District Court for the Southern District of New York found that South Atlantic Employers Negotiating Committee, one of the respondents, was a party to the award. 605 F.Supp. at 728 & n. 2. The Second Circuit affirmed, holding that the district court did not err in confirming the award against all of the respondents. Consequently, the Second Circuit concluded, "[t]he decision of the EHP is binding on all ports governed by the Master Contract." Slip Op. at 3. Because the Stevedores Association is in privity with South Atlantic Employers Negotiating Committee, the Association is bound by the confirmed award. The local, of course, is also bound. Cf. Hampton Roads Shipping Ass'n v. International Longshoremen's Ass'n, 746 F.2d 1015, 1018 (4th Cir.1984). We have considered the reasons the Stevedores Association urges for excluding it from the judgments entered in the litigation conducted in New York, but they are unavailing.
 
 
 5
 The District Court for the District of South Carolina properly granted the injunction against Local 1422 pursuant to Boys Markets, Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). Boys Markets authorizes injunctive relief when the parties to a dispute have a contractual obligation to arbitrate. 398 U.S. at 254, 90 S.Ct. at 1594. Because we conclude, in harmony with the Second Circuit, that the Stevedores Association and Local 1422 are bound by the arbitration award predicated on the master contract, the parties do not have a contractual obligation to arbitrate the dispute pursuant to the provisions of the local contract. Therefore, the injunction is dissolved.
 
 
 6
 Our mandate shall issue forthwith.
 
 
 
 *
 Facts pertaining to the dispute are set forth in Hampton Roads Shipping Ass'n v. International Longshoremen's Ass'n, 746 F.2d 1015 (4th Cir.1984); International Longshoremen's Ass'n v. West Gulf Maritime Ass'n, 594 F.Supp. 670 (S.D.N.Y.1984), appeal dismissed, 765 F.2d 135 (2d Cir., 1985) (unpublished); International Longshoremen's Ass'n v. West Gulf Maritime Ass'n, 605 F.Supp. 723 (S.D.N.Y.1985), aff'd, 765 F.2d 135 (2d Cir., 1985) (unpublished). See also West Gulf Maritime Ass'n v. International Longshoremen's Ass'n Deep Sea Local 24, 751 F.2d 721 (5th Cir.1985)