**NATIONAL ELEVATOR INDUSTRY, INC.**

v.

**INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS.**

**Civ. A. No. H–85–5315.**

United States District Court, S.D. Texas, Houston Division.

April 17, 1986.

Charles O. Strahley, Putney, Twombly, Hall & Hirson, New York City, Raymond Kalmans, Neel, Hooper & Kalmans, Houston, Tex., for plaintiff.

William N. Wheat, Houston, Tex., for intervenor.

Robert Matisoff, O'Donoghue & O'Donoghue, Washington, D.C., Patrick M. Flynn, Watson, Flynn & Bensik, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

DeANDA, District Judge.

Pending before the Court are Plaintiff's motions for a preliminary injunction and summary judgment, Defendant's motion for summary judgment, and Intervenors' motion for reconsideration. There is no dispute between Plaintiff and Defendant as to the facts of this case. Having reviewed the record and the law, the Court is of the opinion that Defendant's motion for summary judgment should be granted in part and deferred in part, and the remaining motions denied, for the reasons set forth below. The following discussion is designated as the findings of fact and conclusions of law in support of this decision.

Plaintiff is an association of employers in the elevator and escalator construction industry with authority to deal with labor matters on behalf of its individual members. Defendant is the international union vested with the authority to deal with Plaintiff on behalf of its union locals. Intervenors are union locals located in Houston, Texas and Dallas, Texas.

Plaintiff seeks to enjoin arbitration of a contract dispute between itself and Defendant, asserting that arbitration is barred by a prior arbitration and a prior judicial decision confirming the results of that arbitration. The contract dispute centers on the issue of whether the local wage rate formula in Article V of the collective bargaining agreement (hereinafter the "standard agreement") between Plaintiff and Defendant allows for decreases in local wage rates as well as increases. It is undisputed that all prerequisite requirements for arbitration have been complied with.

This issue first arose when a wage reduction went into effect in Cedar Rapids, Iowa in August, 1983 based on the formula con-

tained in Article V of the standard agreement. Defendant argued that the wage formula contained in the standard agreement did not contemplate reductions in wages, only increases. Defendant filed a grievance and unsuccessfully sought a "reverse *Boys' Markets* injunction"[1] in the United States District Court for the Southern District of New York to block the wage cut pending arbitration of the grievance. Plaintiff's grievance proceeded to arbitration. In the arbitration proceedings, both parties argued the issue of the interpretation of Article V of the standard agreement as it would apply nationwide, not just in Cedar Rapids.

The arbitration hearing was held by Arbitrator Sinclair Kossoff, but before the parties' post-hearing briefs were filed, Arbitrator Kossoff recused himself.[2] By agreement of the parties, Arbitrator Stephen Goldberg substituted in for Kossoff to decide the case on the record. On April 23, 1984 Arbitrator Goldberg issued his decision denying Defendant's grievance. On August 29, 1984 the United States District Court issued an order confirming the award, *International Union of Elevator Constructors v. National Elevator Industry, Inc.*, 590 F.Supp. 1218 (S.D.N.Y.1984), which was subsequently affirmed by the United States Court of Appeals for the Second Circuit, 760 F.2d 253 (2d Cir.1985), the Supreme Court denied certiorari, —— U.S. ——, 106 S.Ct. 67, 88 L.Ed.2d 55 (1985).

Plaintiff has now implemented wage reductions in Houston and Dallas based on Article V of the standard agreement. Defendant seeks to arbitrate the wage reduction issue again in relation to these wage cuts. Plaintiff seeks to enjoin further arbitration of this issue.

The initial question confronting the Court is whether the Cedar Rapids arbitration award bars further arbitration of the interpretation of Article V of the standard agreement on the issue of wage reductions in Houston and Dallas. It is well established that an arbitrator's decision can only be enforced as written. *Oil, Chemical & Atomic Workers International Union, Local 4-367 v. Rohm & Haas, Texas, Inc.*, 677 F.2d 492, 494 (5th Cir.1982); *New Orleans Steamship Association v. General Longshore Workers*, 626 F.2d 455, 468 (5th Cir.1980), *aff'd sub nom. Jacksonville Bulk Terminals, Inc. v. International Longshoreman's Association*, 457 U.S. 702, 102 S.Ct. 2672, 73 L.Ed.2d 327 (1982). Generally, arbitration awards are not to be given a *res judicata* or *stare decisis* effect by the courts with regard to future disputes that may arise between the parties. Whether an award has a binding precedential effect on a future dispute is a subject for arbitration. *New Orleans Steamship Association*, 626 F.2d at 468. Furthermore, the Court may not under the guise of enforcement broaden the scope of the award by deciding the issue of the precedential effect of the award. *Oil, Chemical & Atomic Workers International Union, Local 4-367*, 677 F.2d at 494. Thus, the Court is required to interpret the arbitrator's decision literally and enforce it mechanically.

The Court's inquiry must begin with the terms of the arbitrator's award. Arbitrator Goldberg framed the issue he decided thusly:

The central issue presented by this case is whether the Employers were authorized by Article V of the 1967 Agreement, as carried forward into the 1982 Agreement, to decrease the Cedar Rapids wage rate on the basis of the four

---

**1.** Referring to *Boys Markets, Inc. v. Retail Clerks Union Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), wherein the Supreme Court held that federal courts could enjoin a union from striking when the union and employer have a contractual obligation to arbitrate their dispute. The relief sought here actually presents the reverse situation as it was the union which tried to enjoin adverse action by the

employer pending arbitration of the dispute under the contract.

**2.** The basis for Arbitrator Kossoff's recusal was that several years earlier he had been associated with a law firm that had represented the Defendant Union.

highest paid building trades in the Cedar Rapids area.

Arbitrator Goldberg thus limited the scope of his award to the Cedar Rapids wage reduction. Although the parties submitted the broad issue to Arbitrator Goldberg and the rationale supporting his decision is based on an interpretation of Article V as it applies nationwide, for whatever reason, he confined the scope of his decision to the Cedar Rapids dispute. As written, the scope of Arbitrator Goldberg's award does not extend to the instant dispute.

Plaintiff argues that Arbitrator Goldberg's decision should be applied nationally because the parties submitted the issue in national terms. Plaintiff further argues that because Defendant's grievance was phrased in national terms, denial of the grievance makes the award applicable nationally, regardless of the literal wording of Arbitrator Goldberg's decision. The Court, however, is of the opinion that the arbitrator's award must be limited to its specific terms and neither the parties nor the Court can expand upon it.

Plaintiff further argues that the Fifth Circuit's decision in *Oil, Chemical and Atomic Workers International Union Local No. 4–16000 v. Ethyl Corporation*, 644 F.2d 1044 (5th Cir.1981), allows the Court to extend Arbitrator Goldberg's decision to similar situations. In *Ethyl Corporation*, however, the arbitration award on its own terms applied to "like violations." Thus, the question before the Fifth Circuit was the interpretation of this particular phrase in the specific arbitration award at issue, not the applicability of arbitration awards to similar situations in general. Indeed, the Fifth Circuit has expressly rejected the proposition that arbitration awards may be enforced in similar situations absent express language in the award itself. *New Orleans Steamship Association*, 626 F.2d at 468.

Plaintiff also cites *S.E.L. Maduro (Florida), Inc. v. International Longshoremen's Association Local 1416*, 765 F.2d 1057 (11th Cir.1985), and *South Carolina Stevedores Association v. Local No. 1422,*

*International Longshoremen's Association*, 765 F.2d 422 (4th Cir.1985), for the proposition that Arbitrator Goldberg's award can be enforced beyond its express terms. These cases, however, are distinguishable because the awards in issue in both cases were binding on all parties under the terms of the contracts involved. *See S.E.L. Maduro*, 765 F.2d at 1059; *South Carolina Stevedores Association*, 765 F.2d at 423.

 The Court thus finds that Arbitrator Goldberg's award only applies to the Cedar Rapids wage reduction and does not bar arbitration of the Houston and Dallas wage reductions. Whether Arbitrator Goldberg's decision has a *res judicata* or *stare decisis* effect on the current dispute is itself an issue for arbitration.

 Plaintiff further asserts that arbitration is barred by the *res judicata* effect of the decisions by the district court denying the preliminary injunction, and confirming the arbitrator's award and denying a permanent injunction against the wage reduction. *Res judicata* will bar a subsequent suit on the same grounds of recovery that were raised or should have been raised in a prior suit when the parties are identical in both suits, the prior judgment was rendered by a court of competent jurisdiction, the prior judgment was a final judgment on the merits, and both suits are based on the same cause of action. *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 869 (5th Cir.1984); *Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 559 (5th Cir.1983). All of these requirements must be met in order for *res judicata* to apply. *Nilsen*, 701 F.2d at 559.

 The district court's decision confirming the award and denying a permanent injunction against the wage reduction is not *res judicata* in this case because its scope is limited to the scope of the arbitrator's award. A district court only has authority to determine whether an arbitrator's award has some colorable basis in the contract, and, if so, it must enforce the award as written. Confirmation of the

award is not an affirmation that the award represents the correct resolution of the dispute. *International Union of Elevator Constructors*, 590 F.Supp. at 1219–20. Indeed, a judicial decision confirming an arbitrator's award will not preclude a subsequent judicial decision confirming a completely contradictory arbitrator's award. *Connecticut Light and Power Co. v. Local 420, International Brotherhood of Electrical Workers, AFL–CIO*, 718 F.2d 14, 18–20 (2d Cir.1983). Thus, insofar as Arbitrator Goldberg's award does not extend to the instant case, neither does the district court's decision confirming and enforcing his award.

▪ Second, the district court's denial of the "reverse *Boys' Markets* injunction" also lacks preclusive effect because Plaintiff has not shown that the district court's decision on the preliminary injunction was a decision on the merits of the wage dispute, and thus denial of the injunction cannot be considered a decision on the merits for *res judicata* purposes. *Hunter Douglas, Inc. v. Sheet Metal Workers International Association, Local 159*, 714 F.2d 342, 346 (4th Cir.1983). *See also Miller Brewing Co. v. Joseph Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir.1979). This is especially true because the district court was asked to evaluate the claim for preliminary injunctive relief in light of the additional policy considerations set forth in the *Boys' Markets* case.

Finally, dismissal of the complaint after confirmation of the award is not *res judicata* over all of the allegations contained therein. As previously stated, the district court only had very limited jurisdiction over the complaint as its authority was confined to confirming and enforcing the award and adjudicating claims for preliminary relief. The district court had no jurisdiction to adjudicate any remaining allegations, and thus dismissal of the remainder of the case was not a decision on the merits. The Court thus finds that *res judicata*

does not bar arbitration of the Houston and Dallas wage disputes. The Court thus

ORDERS Plaintiff's motion for a preliminary injunction is DENIED in all respects. It is further

ORDERED that Plaintiff's motion for summary judgment is DENIED in all respects.

Defendant has moved for summary judgment on its counterclaim to compel arbitration of the Houston and Dallas wage reductions and for attorneys' fees. For the reasons stated above, the Court finds that Defendant is entitled to arbitrate the Houston and Dallas wage reductions. The Court further finds that Defendant has complied with the prerequisite requirements for arbitration. The Court thus

ORDERS that Defendant's motion be GRANTED as to the arbitration issue. It is further

ORDERED that Plaintiff and Defendant proceed to arbitration on Defendant's grievances.[3] The Court, however, defers ruling on the attorneys' fees issue at this time. It is further

ORDERED that Defendant submit a brief and affidavits in support of its claim for attorneys' fees by May 16, 1986. Plaintiff shall file a reply brief and controverting affidavits, if any, on the attorneys' fees issue by June 13, 1986.

Finally, Intervenors have made a motion for reconsideration of the Court's denial of their motion to intervene. Federal Rule of Civil Procedure 24(a)(2) provides in pertinent part:

(a) *Intervention of right.* Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, *unless the applicant's interest is adequately rep-*

---

**3.** Although Plaintiff asserts any order compelling arbitration must order arbitration of the preclusive effect of the Goldberg decision first,

the Court is of the opinion that management of the arbitration must be left to the arbitrator.

*resented by existing parties.* (emphasis added).

At the December 5, 1985 hearing in this case, Intervenors admitted that they could not bring an action to compel arbitration themselves. *See* Transcript of December 5, 1985 hearing at 7–8 (hereinafter "Tr."). *See also National Elevator Industry, Inc. v. Local No. 5, International Union of Elevator Constructors*, 426 F.Supp. 343, 349–50 (E.D.Pa.1977). Furthermore, the locals have no right to participate as parties in the arbitration. *Id.* Thus the locals are not proper parties in a lawsuit to compel arbitration.

Counsel also informed the Court at the December 5, 1985 hearing that it was common practice for the local unions to be present at arbitration hearings, and to consult with the international union during the hearings. *See* Tr. 9–11. Furthermore, under the standard agreement, the international is the proper party to represent the union members in a lawsuit to compel arbitration and in the arbitration proceeding itself. There is also an identity between the international and the local unions, as the locals are formally affiliated with the international. *See* standard agreement, Article I. *See also* standard agreement pp. 95–96. Moreover, the locals and the international all seek the same result and there is no conflict among them. The memorandum filed by Intervenors in support of their motion for reconsideration and Defendant's brief in support of its motion for summary judgment show that these parties' interests are virtually identical. The Court would further note that the international has been vigorously protecting the rights of its members throughout the course of this litigation. The Court thus finds that the international adequately represents the local unions. *See* 7A C.A. Wright & A.R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1909 (1972 and 1985 Supp).

Finally, Rule 24(c) provides, "[t]he motion ... (to intervene) shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Intervenors have not submitted a pleading in compliance with the rule either in their original motion or their motion for reconsideration. The Court finds that there is no reasonable excuse for Intervenors' failure to comply with the rule and thus Intervenors' motion is not properly before the Court.

The Court thus ORDERS that Intervenors' motion for reconsideration is DENIED in all respects. It is further

ORDERED that Plaintiff and Defendant shall submit a joint report on the status of this case by May 16, 1986.