EDWARD KROCK INDUSTRIES, INC. & another[1] *vs.* ELECTRIC MOTOR AND REPAIR COMPANY, INC. & another.[2] February 9, 1966. The case is reported by the judge who sustained demurrers to the plaintiffs' bill in equity which they declined to amend. They stake their entire case on the decree on demurrers. *Elfman* v. *Glaser,* 313 Mass. 370. Electric

---

[1] Edward Krock.

[2] Frank L. Kozol, Esquire, counsel for Electric Motor. William S. Ward, although named as a defendant, was not served and did not appear.

Motor obtained a substantial judgment against Edward Krock in the United States District Court. 327 F. 2d 213, 339 F. 2d 73 (1st Cir.). Ostensibly to satisfy the judgment, Krock sent his check to Mr. Kozol, counsel. On the same day, the plaintiffs got, by this bill, an order restraining Mr. Kozol from disposing of the proceeds. The basis of the bill was that the judgment against Krock was obtained by the perjury of Ward who had testified for Electric Motor; its purpose was to apply the proceeds of the check to satisfy any award made to Krock in the present case against Electric Motor for alleged subornation of perjury. The judge was right. Where, as here, a judgment or decree is outstanding, one cannot recover damages allegedly due to fraud that led to the judgment or decree. *Fishman* v. *Alberts,* 321 Mass. 280, 282, and cases cited. Further, a case between the same parties or their privies decided in a competent court of another jurisdiction will not be reviewed here. *Homer* v. *Fish,* 1 Pick. 435, 438–441. See *Albernaz* v. *Fall River,* 346 Mass. 336, 339. Reliance by the plaintiffs on *Rice* v. *Coolidge,* 121 Mass. 393, and *Hoosac Tunnel Dock & Elev. Co.* v. *O'Brien,* 137 Mass. 424, is misplaced since the defendants there were not, as Electric Motor was here, parties to the action in which the alleged fraud was committed. The interlocutory decree is affirmed. A final decree is to be entered dismissing the bill.

*So ordered.*

*Edward J. McCormack, Jr., & Lawrence R. Cohen,* for the plaintiffs, submitted a brief.

*Frank L. Kozol* (*Charles G. Kadison, Jr.,* with him) for the defendants.