**In the Matter of the APPLICATION OF MEDWAY POWER LIMITED for an Order under 28 U.S.C. § 1782 to Conduct Discovery of General Electric Company for use in an Arbitration pending in the United Kingdom against TBV Power Limited and Marubeni Europower Limited**

No. M19–96.

United States District Court, S.D. New York.

Nov. 20, 1997.

Davis Polk & Wardwell, New York City (Frank S. Moseley, David B. Anders, of counsel), for Petitioner.

Debevoise & Plimpton, New York City (David W. Rivkin, Barton Legum, of counsel) for Respondent.

*MEMORANDUM & ORDER*

KEVIN THOMAS DUFFY, District Judge.

**I.**

Petitioner Medway Power Limited ("Medway") moves for an order pursuant to 28

U.S.C. § 1782 ("Section 1782") requiring General Electric Company ("GE") to produce documents for use in an arbitration pending in the United Kingdom entitled "In the Matter of an Arbitration under the Arbitration Act of 1996 between Medway Power Limited and TBV Power Limited and Marubeni Europower Limited" (the "Arbitration"). The Arbitration, to which GE is not a party, is scheduled to begin December 1, 1997. Though the papers submitted by Plaintiff's counsel are thorough, the petition is denied.

A full recitation of the background of the Arbitration is unnecessary as the issue here has little to do with those facts. The arbitrator, in a letter dated September 12, 1997, "direct[ed that GE's documents] are relevant and necessary for the fair determination of the dispute" in the Arbitration. (Campbell Aff.Ex. 4 at 2). This letter, however, is neither an order nor letters rogatory. Whether this Court should approve a petition under Section 1782 based upon an English arbitrator's request seeking discovery from an entity—located in the Southern District and *not* a party to the arbitration—appears to be one of first impression.

## II.

█ Petitioner argues that an unofficial, private arbitration constitutes a "proceeding in a foreign or international tribunal" under Section 1782. At first glance, what adjudicatory bodies fall within the term "tribunal" may appear to be an exercise in semantics better left to a lexicographer than a district court judge. There are, however, distinctions that are important to this discussion. One dictionary defines "tribunal" as "a seat or bench upon which a judge or judges sit in a court" or "a court of justice." WEBSTER'S NEW WORLD DICTIONARY 1427 (3d College Ed.1986). At oral arguments, I asked petitioner's counsel a series of hypotheticals concerning what weight he would give to rulings of tribunals, such as a feudal patriarch or a Bet Din (Jewish religious court). A feudal patriarch and a Bet Din may be referred to colloquially as tribunals, but are not tribunals in a formal sense. If they were tribunals under Section 1782, the potential discovery problems would be fascinating.

A private arbitration generally has not been referred to as a tribunal. It is true that Section 1(a) of the English Arbitration Act of 1996 states, "the object of arbitration is to obtain the fair resolution of disputes by an impartial tribunal without unnecessary delay or expense." Arbitration Act of 1996, Ch. 23 § 1(a) (Eng.), *reprinted in* INTL. HANDBOOK ON COMM.ARB.SUPPL. 23, Eng.: Annex I (Mar. 1997). That, however, does not make an arbitration a tribunal in the formal sense.

## III.

I find that an arbitration is not a tribunal for the purposes of Section 1782. Congress intended this statute to assist official, governmental bodies exercising an adjudicatory function. The legislative history of Section 1782 does not suggest an intent to encompass unofficial, private arbitrations—which Congress and the courts have consistently treated as creatures of a contract which a court should enforce just like any other obligation imposed by private agreement.

> Arbitration differs critically from litigation in that arbitrators are not officials of foreign sovereign governments, but private persons tested with their decision-making authority most commonly as a result of private parties' entering into contractual arrangements for the private resolution of disputes.

Lawrence W. Newman & Rafael Castilla, *Production of Evidence through U.S. Courts for Use in International Arbitration*, 9 J. INT'L ARB. 61, 69 (June 1992).

Respondent's counsel aptly notes that the United States Code's consistent distinction between "tribunals" and "arbitrations" provides evidence that the ordinary understanding of "tribunal" does not encompass private arbitrations. (Resp.Mem. at 7–8); *see, e.g.*, 5 U.S.C. § 552b(c)(10) (1997) (agency not required to disclose information concerning "the agency's participation in a civil action or proceeding, an action in a foreign court or international tribunal, or an arbitration").

Furthermore, the legislative history of Section 1782 confirms Congress' intent in adding the term "tribunal" was to extend the statute to public, official adjudicatory pro-

ceedings. In 1964, the statute was amended to apply to a "proceeding in a foreign or international tribunal" rather than only to a "judicial proceeding," as the statute had previously provided. This change in language was intended to make the statute available to foreign governmental agencies exercising a judicial or quasi-judicial function as well as to "conventional courts:"

> The word "tribunal" is used to make it clear that assistance is not confined to proceedings before conventional courts. For example, it is intended that the court have discretion to grant assistance when proceedings are pending before investigating magistrates in foreign countries. In view of the constant growth of administrative and quasi-judicial proceedings all over the world, the necessity for obtaining evidence in the United States may be as impelling in proceedings before a foreign administrative or quasi-judicial agency as in the proceedings before a conventional foreign court. Subsection (a) therefore provides the possibility of U.S. judicial assistance in connection with all such proceedings.

H.R.Rep. 1052, 88th Cong., 1st Sess. 9 (1963) (citation omitted), *reprinted in* 1964 U.S.CODE, CONG. & ADMIN. NEWS 3782, 3788. Congress chose not to include "arbitration" in Section 1782. Nor did Congress insert a term or terms more inclusive than "foreign and international tribunals."

I have been referred to one case as being on point. *In re Application of Technostroyexport,* 853 F.Supp. 695, 697 (S.D.N.Y.1994), involved a Russian seller of minerals to a New York corporation which filed a petition seeking discovery in aid of arbitration proceedings commenced in Moscow and Stockholm. Having reviewed Russian and Swedish law, Judge Griesa said:

> The court is of the view that an arbitrator or arbitration panel is a "tribunal" under § 1782. The court further believes that, if [the party] had obtained a ruling from a foreign arbitrator that discovery should

take place, the court would be empowered under § 1782 to enforce that ruling in the United States.

Judge Griesa, however, cited no authority to support this view. I must reject his dicta as precedent binding on this Court.

## IV.

In any event, *Technostroyexport* is clearly distinguishable from the present petition, because that case involved a discovery dispute between parties that had formally agreed to submit their controversy to arbitration. Here, GE is not a party to the Medway arbitration, has not consented to arbitrate any dispute with Medway, and has never agreed to abide by any decision of the English attorney selected as an arbitrator in the Medway matter.

Petitioner's counsel does not cite to any authoritative declarations by English judicial, executive, or legislative bodies explaining whether the English Arbitration Act of 1996 enables a British arbitrator to bind a nonparty to comply with discovery requests.[1] In a case dealing with the delicacies of international comity, I am loath to approve a petition under Section 1782 that would empower arbitrators with authority they would not have in the United States or, to my knowledge, in the United Kingdom.

The Federal Arbitration Act (the "Act") specifically addresses the circumstances in which the powers of a federal district court may be invoked to assist arbitrators in obtaining evidence. 9 U.S.C. § 7 (1997). Section 7 of the Act empowers a district court to compel non-parties to produce documents or testimony for an arbitration hearing—but the power granted is limited to witnesses situated in the district in which the arbitration is being held. Medway's construction of the statute would result in assistance to foreign arbitrations throughout the territory of the United States under Section 1782, but assistance for domestic arbitrations only within the district where the arbitration is being held pursuant to the federal statute that

---

**1.** I have not addressed whether Section 1782 contains an implicit discoverability requirement. *See Euromepa S.A. v. Esmerian, Inc.,* 51 F.3d 1095 (2d Cir.1995); Peter Metis, *International Judicial Assistance: Does 28 U.S.C. § 1782 Contain an Implicit Discoverability Requirement?,* 18 FORDHAM INT'L L.J. 332 (Nov.1994).

specifically addresses judicial assistance to arbitrations.

Petitioner's counsel responds that "Medway has no choice but to seek the assistance of this Court, because neither the Arbitrator nor an English court has jurisdiction over GE." (Reply.Mem. at 4). Letters rogatory may be the proper alternative for Medway if a court in England first so decided.

Unlike a formal tribunal, the arbitrator has no power whatsoever to order persons who have not agreed to his authority to do anything. In England, as in the United States, arbitrators can obtain evidence from non-parties only by commencing proceedings for an order of compulsion before a real "tribunal." "Pursuant to Article 43 of the Arbitration Act, if the arbitrator so authorizes or if the other parties to the arbitration agreement so stipulate, a party to the arbitration may make an application to an English court for assistance in compelling witnesses to appear in an arbitration." (Decl. of Arthur L. Marriott, QC, ¶ 8).

### V.

It is the British court, and not the arbitrator or the parties to the arbitration, that has the power and the discretion to impose on a non-party the burden of providing evidence for the arbitration. Section 1782 was not enacted to create an end run for arbitrators. Because a private arbitration is not a tribunal within the meaning of Section 1782 and an arbitrator has no authority to bind non-parties to obey his or her recommendations, I must deny the petition.

SO ORDERED.