*247 OPINION OF THE COURT
William A. Wetzel, J.
In this CPLR article 78 proceeding brought under New York’s Freedom of Information Law (FOIL), petitioners, the City of Newark (Newark), its Mayor Sharpe James, and the members of its Municipal Council, seek to compel production of litigation files and other documents in the possession of the New York City Law Department (Law Department) concerning an ongoing court-ordered arbitration (NYC Arbitration) between the Port Authority of New York and New Jersey (Port Authority) and the City of New York (NYC).
Petitioner is also engaged in an arbitration with the Port Authority (Newark Arbitration) and seeks these documents ostensibly to assist it in the prosecution of that arbitration. While Newark takes exception to the Law Department’s contention that they seek the “entire litigation file,” they concede that they seek all records produced in the NYC Arbitration, filed with the arbitration panel and exchanged between the parties as part of the discovery in the NYC Arbitration. It is apparent that they believe that they can benefit by having all of this data available to them for their cases.
The Law Department advances three reasons why this petition should be dismissed. First, it challenges the standing of the individual petitioners who were not parties to the original FOIL request. This court will not address that issue, however, since even if that argument were successful, it would not be dispositive of the matter, but would leave only the City of Newark as the petitioner.
The second argument is that on February 21, 2002, the NYC Arbitration panel ordered the Law Department to refrain from divulging any material information relating to the NYC Arbitration proceeding. This order mandated that the arbitration proceeding remain private and confidential. Indeed, if this ruling is valid it would override any obligation on the part of the Law Department to comply with FOIL. For this reason, the court will consider this as the threshold issue.
In the first instance, Newark argues that this ruling should be rejected because it was granted ex parte — assumedly as to Newark. This court rejects the suggestion that this ruling, which was granted on notice to both parties to the NYC Arbitration, is invalid because it may have adversely affected a nonparty who was not given notice or an opportunity to be heard. Newark is unable to provide any authority to support this novel definition of ex parte.
It is conceded that courts have the power to issue orders of nondisclosure that override FOIL. (See City of Hartford v *248 Chase, 942 F2d 130 [2d Cir 1991]; Federal Deposit Ins. Corp. v Ernst & Ernst, 677 F2d 230 [2d Cir 1982].) Newark argues, however, that only court orders can trump FOIL, and that arbitration panel orders do not enjoy that level of authority. In support of this argument, Newark goes to great lengths to emphasize purported deficiencies in arbitration law. They cite the fact that arbitrators are not bound by principles of substantive law or rules of evidence, that judicial review is extremely limited and that arbitrators, unlike judges, are not required to possess legal expertise. Newark therefore concludes that confidentiality orders issued by arbitrators cannot be equated with those issued by courts of law.
This court rejects these arguments and concludes that orders issued by arbitration panels should be accorded the same deference and have the same force of law as judicial orders. Indeed, a careful analysis of cases addressing the scope and effect of arbitration compel this conclusion. An arbitrator is a judicial officer, invested with judicial functions, and acting in a quasi-judicial capacity. (Calzarano v Liebowitz, 550 F Supp 1389, 1390 [SD NY 1982]; Exercycle Corp. v Maratta, 9 NY2d 329, 336-337 [1961]; Fudickar v Guardian Mut. Life Ins. Co., 62 NY 392, 399 [1875].) The arbitrator enjoys judicial immunity. (Austern v Chicago Bd. Options Exch., Inc., 716 F Supp 121, 123-124 [SD NY 1989], affd 898 F2d 882 [2d Cir], cert denied 498 US 850 [1990].) Pursuant to 9 USC §§ 4 and 9, a reviewing court must enforce written agreements to arbitrate without regard to the justiciable character of the dispute and to confirm such awards if the appropriate motion is made. The only preaward motions that a court may hear are motions to compel arbitration, to stay other proceedings involving an issue referable to arbitration, and to appoint an arbitrator. (CPLR art 75; 9 USC §§ 3-5; Commercial Solvents Corp. v Louisiana Liquid Fertilizer Co., 20 FED 359, 361 [SD NY 1957].)
Once commenced, arbitration proceedings are supervised solely by the arbitrator, and a court has no jurisdiction to intervene. Only the arbitrator is vested with the power to control the proceedings. (Michaels v Mariforum Shipping, S.A., 624 F2d 411, 414 [2d Cir 1980]; Application of Technostroyexport, 853 F Supp 695, 697-698 [SD NY 1994]; Matter of Board of Educ. [Hess], 49 NY2d 145, 152 [1979]; Ghitelman v Ghitelman, 160 AD2d 528 [1st Dept 1990].) When the arbitrator determines that an award is appropriate, that determination is a complete, final, binding determination which is entitled to the same legal force and effect as a judgment. (In re Drexel *249 Burnham Lambert Group, Inc., 161 BR 902, 906 [SD NY 1993]; Pallante v Paine Webber, Jackson & Curtis, Inc., 1985 WL 1360, *3, 1985 US Dist LEXIS 19846, *7 [SD NY 1985].)
Indeed, the Court of Appeals recently reiterated its strong and unwavering support for arbitration awards in Matter of New York City Tr. Auth. v Transport Workers’ Union of Am. (99 NY2d 1, 6), when it unequivocally stated: “Our courts have long since abandoned their distrust and hostility toward arbitration as an alternative means for the resolution of legal disputes, in favor of a policy supporting arbitration and discouraging judicial interference with either the process or its outcome.” (Citations omitted.)
In both the Federal Deposit Ins. Corp. and City of Hartford cases (supra), the courts emphasized that nondisclosure was necessary to assist in the resolution of the subject litigation. This is the obvious rationale for the order issued by the NYC Arbitration panel. To suggest that arbitration panels have unfettered authority to determine all issues before them, but that they lack authority in this discrete category of nondisclosure of FOIL material, defies logic and is not a reasonable interpretation of a well-established body of law.
This court concludes that it is within the authority of the NYC Arbitration panel to issue the nondisclosure order, and having so ruled, the respondent is relieved of its obligations under FOIL. In view of this disposition, this court need not analyze respondent’s alternative argument, that the requested materials fall within the statutory exceptions.
Nonetheless, this court is constrained to address Newark’s assertion that disclosure of these materials in the context of this action falls squarely within the legislative intent of FOIL. The legislative intent of FOIL is found in section 84 of the Public Officers Law:
“[I]t is incumbent upon the state and its localities to extend public accountability wherever and whenever feasible.
“The people’s right to know the process of governmental decision-making and to review the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality.
“The legislature therefore declares that government is the public’s business and that the public, individually and collectively and represented by a free *250 press, should have access to the records of government in accordance with the provisions of this article.”
Frankly, this court views Newark’s attempt to reconcile its position with this legislative intent convoluted at best. It strains credulity to argue that the purpose of its application is to let the sun shine on governmental decision-making. Simply put, Newark wants these documents because it is an expedient way to obtain a large body of important, complicated research, which would give Newark a strategic advantage in its private litigation with a third party.
The petition is in all respects denied.